THE STATE OF NEBRASKA, EX REL. SAMUEL R. GLENN, v. ROBERT P. STEIN.

1. **Quo Warranto:** JURISDICTION OF SUPREME COURT. The supreme court has jurisdiction in a proceeding by *quo warranto* to try the right of the relator in the cause to the office of county treasurer. In such case the information must state facts showing that the relator is entitled to the office of which he claims to be unlawfully deprived.

2. ————: WHO MAY PROSECUTE. A private person cannot appear as relator where he does not claim the right to the office. In such case the prosecution is on behalf of the public, and must be conducted by the proper public officer,

3.  Elections: COUNTY TREASURER. Section 10 of the election law of 1879, which provides that county treasurers shall be ineligible for more than two consecutive terms, has no retroactive effect.

ORIGINAL information in nature of *quo warranto.*

*V. Bierbower* and *Joel Hull,* for relator.

*Marquett, Deweese & Hall,* for respondent.

MAXWELL, J.

This is an information filed in this court by Samuel R. Glenn against the defendant to oust him from the office of treasurer of Kearney county.

The relator states the cause of action as follows:

"*First.* The relator, Samuel R. Glenn, on the eighth day of November, 1881, and for the last past five years prior thereto, was a citizen of the United States and of the State of Nebraska, and a continuous resident, taxpayer, and qualified elector of Kearney county, Nebraska.

"*Second.* On the eighth day of November, 1881, at the last general election of county officers, as shown by the return of the board of canvassers of said election, the following were the number of votes cast for county treasurer for said county, to-wit: For relator, Samuel R. Glenn, 308 votes; for the defendant, Robert P. Stein, 510 votes; for C. A. Ericson, 1 vote; total, 819 votes for said office.

"*Third.* Defendant Robert P. Stein was, on the sixth day of July, 1875, by the board of county commissioners duly appointed to fill the vacant office of county treasurer, which office he then accepted, qualified, used, and held during said unexpired term. Afterwards, to-wit, at the general election of the years 1875, 1877, and 1879 for the election of county officers, each time said Robert P. Stein was declared to be and was duly elected to said office of county treasurer of said county, and each several said terms

did accept and qualify to hold and did take and hold said office, and has held and exercised said office continuously during said three full terms and fractional term from the sixth day of July, 1875, until the fifth day of January, 1882."

There are also allegations of fraudulent voting at the election in November, 1881, which it is not necessary to notice, as it is not alleged that said votes affected the result. There is no allegation that a majority of the legal votes cast at said election were cast for the relator.

The defendant demurred to the information, *first,* because the court has no jurisdiction; *second,* because the facts stated in the information are not sufficient to constitute a cause of action.

The question of jurisdiction was before the court in the case of *The State, ex rel. Valentine, v. Griffey,* 5 Neb., 161; and after a very full examination of the authorities the court held that it had jurisdiction.  And we adhere to that decision.

*Second.*  Does the information state a cause of action?

Sec. 707 of the code provides that: "Such information shall consist of a plain statement of facts which constitute the grounds of the proceeding, addressed to the court, which shall stand for an original petition."

Sec. 708 provides that: "Such statement shall be filed in the clerk's office, and summons issued and served in the same manner as hereinbefore provided for the commencement of actions in the district court."

Sec. 709 provides that: "The defendant shall appear and answer such information in the usual way, and issue being joined, it shall be tried in the ordinary manner."

Sec. 710 provides that: "When the defendant is holding an office to which another is claiming the right, the information should set forth the name of such claimant, and the trial must, if practicable, determine the rights of contesting parties."

Sec. 711 provides that: "If judgment be rendered in favor of such claimant, he shall proceed to exercise the functions of the office after he has qualified as required by law."

Sec. 717 provides that: "When an information is upon the relation of a private individual, it shall be so stated in the petition and proceedings, and such individual shall be responsible for costs in case they are not adjudged against the defendant. In other cases the title of the cause shall be the same as in a criminal prosecution, and the payment of costs shall be regulated by the same rule."

An information when filed by an individual to oust the incumbent from an office and instate the relator therein, is a personal remedy, although the state is the nominal party, still it is on the relation of the individual claiming to be aggrieved. In such case the information must state facts showing the right of the relator to the office. *State v. Boal*, 46 Mo., 528. *Miller v. Palermo*, 12 Kas., 14. *The People v. Walker*, 23 Barb., 304. *People v. Ryder*, 2 Kernan, 433. *Respublica v. Griffiths*, 2 Dall., 112. *Com. v. Jones*, 12 Penn. St., 365. *Com. v. Cluley*, 56 Penn. St., 270. The case last cited was similar to the one at bar, a defeated candidate for sheriff having sought to oust the defendant from the office without showing that he was entitled to the same.

The court held that he had no such interest as entitled him to be heard. That the question was exclusively a public one, and could only be raised by the attorney general.

Where a private person has no direct interest in the result of the action, it cannot be maintained by him because the public alone are interested. At common law the information was filed by the attorney-general on his own motion, or by the master of the crown office, but since the statute of 4 and 5 William and Mary, ch. 18, by the direction of the court of King's Bench. Stat. quo Warranto,

6 Edw. I., sec. 5. 18 Edw. I., Stat. 2, 3. *Strata Marcella*, 9 Rep., 29. *Rex v. Trinity House*, 1 Sid., 86. *Rex v. Trelawney*, 3 Burr, 1616. *State v. St. Louis Perpetual Mar., Fire, and Life Ins. Co.*, 8 Mo., 330. Angell and Ames on Corporations, sec. 731.

Our statute has not changed the common law in that regard as to the law officer of the state, except that it permits prosecuting attorneys to institute proceedings on cases arising in their respective districts. But where the state at large is interested, the attorney general, as at common law, is the proper party. As the information fails to state facts showing the relator's right to the office in question, it does not state facts to constitute a cause of action.

*Third.* Sec. 10 of the election law of 1879 provides that the county treasurer shall be ineligible for more than two consecutive terms. This act took effect on the 1st day of June, 1879, and is to be construed prospectively—that is, county treasurers thereafter elected should not hold more than two consecutive terms. A court will not give a retrospective effect to a statute, unless it is clear from the language used that the legislature intended to give it that effect. *Bartruff v. Remey*, 15 Iowa, 257. *McIntosh v. Kilbourne*, 37 Id., 420. The election law of 1879, therefore, did not render the defendant ineligible. Comp. Stat., 258.

As the information fails to state a cause of action, the demurrer is sustained and the action dismissed.

JUDGMENT ACCORDINGLY.