The State, *ex rel.* Daniels, *v.* Bieler.

---

No. 9854.

THE STATE, EX REL. DANIELS, *v.* BIELER.

OFFICE.—*Quo Warranto.*—*Information by One Claiming by Election.*—*Eligibility.*—An information to oust one from an office, prosecuted on the relation of one who claims the office by election, is bad if it do not show that the relator is eligible.

From the Marion Circuit Court.

*J. Buchanan* and *G. B. Manlove,* for appellant.

*R. O. Hawkins* and *P. Norton,* for appellee.

BEST, C.—The State, on the relation of Milton H. Daniels, filed an information in the nature of a *quo warranto,* to oust the appellee from the office of recorder of Marion county, on the ground that the relator had been duly elected and was entitled to the office. A demurrer, for the want of facts, was sustained to the information, and this ruling is assigned as error.

The statute which authorizes the proceeding provides that "The information shall consist of a plain statement of the facts which constitute the grounds of the proceeding," and that if the information is filed by any person other than the prosecuting attorney, " he shall show his interest in the matter." Sections 751 and 752, 2 R. S. 1876, pp. 299, 300.

Under these provisions of the statute, this court held in the case of *Reynolds* v. *State, ex rel.,* 61 Ind. 392, that an information by any person other than the prosecuting attorney, which failed to allege the eligibility of such person to the office, was insufficient upon demurrer. The information in this case does not aver that the relator was eligible, nor does it aver any facts to show his eligibility. It avers, it is true, that he "has a personal interest in the action;" but this is a mere conclusion from facts not stated, and is not sufficient to show him eligible to the office. Some other questions have been earnestly discussed, but as the judgment must be affirmed for the reasons already given, an examination of them would be entirely useless.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be affirmed, at the relator's costs.