Decided at PENDLETON May 11, 1896.

## STATE EX REL. *v.* STEVENS.

[44 Pac. 898.]

PLEADING IN QUO WARRANTO — JUDICIAL NOTICE.— A complaint in an action to oust a person from an office her right to which depends upon the constitutionality of a statute need not set out the statute nor allege its unconstitutionality, as the court will take judicial knowledge of its existence and provisions, and besides, a general al-

legation that the defendant unlawfully intrudes into and usurps the office is sufficient to call upon him to disclose his title.

2. PLEADING — QUO WARRANTO — CODE, ¿ 357.— Section 357 of Hill's Code, (providing that an action to oust from a public office any person unlawfully holding the same may be maintained in the name of the state, upon information of the prosecuting attorney or upon the relation of a private party,) is sufficiently complied with where the complaint in an action by the state, on relation of a private person, is signed by the prosecuting attorney in his official capacity: *State ex rel.* v. *Lord,* 28 Or. 498, distinguished.

3. JUDICIAL NOTICE — MATTERS DEHORS THE RECORD.— In quo warranto for possession of a public office, the fact that the relator, since the commencement of the action, has abandoned the office by accepting another cannot be urged as a defense on appeal, where this fact is not shown by the record.

4. SCHOOLS — CONSTITUTIONAL LAW — ELIGIBILITY OF WOMEN TO OFFICE. —The office of county superintendent of common schools, though not mentioned in the Oregon constitution, was at the time of the adoption of that instrument and is now a county office within article VI, section 8 thereof, providing that no person shall be elected or appointed to a county office who shall not be an elector of the county; and the act of eighteen hundred and ninety-three, (Laws, 1893, p. 62,) making women eligible to educational offices, is unconstitutional, as applied to that office, since only male citizens are eligible to county offices under article II, section 2 of the said constitution.

From Umatilla: STEPHEN A. LOWELL, Judge.

This is an action commenced in the name of the state, by the district attorney of the sixth judicial district, upon a relation of J. L. Carter, to oust Nellie M. Stevens from the office of county superintendent of common schools for Union County, and to reinstate the relator therein. The complaint avers, in substance, that at the regular state and county election, in June, eighteen hundred and ninety-four, the defendant was a candidate for the office of county superintendent of common schools for Union County, and received a plurality of all the votes cast there-

for, and thereafter duly received her certificate of election; that at the time of her election she was, and still is, ineligible to hold or occupy such office for the reason that she is not a male citizen of the United States or of this state, but a woman, and by reason thereof is disqualified to hold the office; that on November twenty-first, eighteen hundred and ninety-four, she usurped and intruded into the office, and thereafter held and still unlawfully holds the same contrary to law; that at the regular election in eighteen hundred and ninety-two, the relator was duly elected to said office, and in July following entered upon the discharge of the duties thereof, and thereby became and was entitled to hold and occupy the same until a successor should be duly appointed or elected in the manner provided by law, but that in November, eighteen hundred and ninety-four, he was compelled by judgment in a mandamus proceeding to surrender the possession of the books, papers, and indicia of the office to the defendant, and she thereafter unlawfully usurped and intruded into such office, and now unlawfully holds the same. To this complaint a demurrer was filed on the ground that the court had no jurisdiction of the subject matter, and that it did not state facts sufficient to constitute a cause of action, which being overruled, the defendant refused to further plead, whereupon the court rendered judgment as prayed for in the complaint and the defendant appeals.

                                    AFFIRMED.

For appellant there was an oral argument and a brief by *Messrs. J. F. Baker* and *T. H. Crawford,* urging the following points:

The complaint is not in the nature of an information, nor does the state appear by any one authorized by law to appear for it: *State ex rel.* v. *Lord,* 28 Or. 498 (43 Pac. 474); *Frey* v. *Michie,* 36 N. W. 184; *Vrooman* v. *Michie,* 36 N. W. 749. It will be seen by an examination of this complaint that J. L. Carter is the party making the complaint upon his own relation, and that it is not the complaint of the district attorney, upon the relation of Carter, nor is the same an information by the district attorney. It is true that the district attorney signs the complaint, but that alone does not make the same his complaint or information. We contend that the action provided for by section 357 of Hill's Code must be instituted in the name of the state by the proper district attorney, either upon his own information or upon the relation of some private person interested therein, and that the same must be prosecuted by him, and that the complaint to be sufficient must disclose this upon its face. This view is further strengthened by the provisions of sections 361 and 362 of Hill's Code, which provide that "the prosecuting attorney in addition to the statement of the cause of action, may also separately set forth in the complaint the name of the person rightfully entitled to the office, with a statement of the facts constituting his right thereto." It would seem clear from these provisions of the

Code that the right to institute the proceeding, or file the information is regarded as incident to the office of the public prosecutor, and in this respect the statute does not change the rule of the common law.

All the questions raised by this complaint were raised by the pleadings in the case of *Stevens* v. *Carter,* 27 Or. 553, in the mandamus proceedings, and were there decided. The court having decided in that case, that respondent got possession of the office in November, eighteen hundred and ninety-four, properly, and that the fact of respondent being a woman, would not authorize the court in declaring her ineligible, since she was elected under the statute allowing women to hold certain offices like the one in question, it is necessary in this case, for the relator to allege the facts showing the authority under which respondent claims, to wit, the statute referred to, and allege further that it is unconstitutional. The law must be challenged directly by the party seeking to test its validity. The statute in question being a general one, the party claiming under it need not allege it or prove it, as it is in the knowledge of the court: *People* v. *Mahany,* 13 Mich. 492.

Relator has accepted a state office in a far distant county, has left the county where this suit was instituted, and cannot have any further interest herein. Under such circumstances the case ought to be dismissed: *State* v. *Boyd,* 51 N. W. 964; *State ex rel.* v. *Lord,* 28 Or. 498; *State* v. *Stein,* 14 N. W. 481; *State* v. *Hamilton,* 45 N. W. 279; McClary on

Elections (2d ed.), § 253; *Page* v. *Hardin*, 8 B. Mon.
648. And this court ought to take judicial notice
of the fact that relator has accepted an office by ap-
pointment from the governor: Code, § 708, subdi-
visions 3 and 5.

The courts will take judicial notice of laws passed
by the legislature, but will not take notice of their
unconstitutionality, nor will they pass upon a con-
stitutional question, and decide a statute invalid,
unless a decision upon that very point is made an
issue and becomes necessary to the determination of
the cause, and is in fact the very *lis mota:* Cooley
on Constitutional Limitations, 163; *Chauvin* v. *Vali-
ton,* 7 Mont. 581. Every presumption is in favor of
the constitutionality of an act of the legislature, and
this presumption continues until the constitutionality
of the act is challenged in some manner known to
the law, and by some one authorized to question its
validity: Cooley on Constitutional Limitations, 183;
*People* v. *Van Gaskin,* 5 Mont. 352; *Cline* v. *Green-
wood,* 10 Or. 230; *Cook* v. *Port of Portland,* 20 Or.
582 (13 L. R. A. 535); *Dean* v. *Willamette Bridge
Company,* 22 Or. 167 (15 L. R. A. 614); *Crowley* v.
*State,* 11 Or. 512.

Nor will the court listen to an objection made
to the constitutionality of an act by a party whose
rights it does not affect, and who therefore has no
interest in defeating it: Cooley on Constitutional Lim-
itations, 163; *Sinclair* v. *Jackson,* 8 Cow. 543; *Smith* v.
*McCarthy,* 56 Pa. St. 359; *Antoni* v. *Wright,* 22 Gratt.
857; *Wellington* v. *Petitioner,* 16 Pick. 96; *DeJarnette* v.
*Haynes,* 23 Miss. 600; *Matter of Albany Street,* 11

Wend. 149; *Williams* v. *Carlton*, 51 Me. 449; *State* v. *Rich*, 20 Miss. 393.

For respondent there was an oral argument by *Messrs. John L. Rand*, district attorney, and *J. D. Slater*, with a brief urging these points:

Writs of *quo warranto* and informations in the nature of *quo warranto* have been abolished in this state, but we retain the substance of those writs: Hill's Code, § 351; *State* v. *Douglas County Road Company*, 10 Or. 198, 199. The remedy is a civil action: *Hamlin* v. *Kassafer*, 15 Or. 456–462; Hill's Code, §§ 354, 355; 19 Am. and Eng. Ency. of Law, 680–682.

Defendant must show by what title she holds the office: *Commonwealth* v. *Commercial Bank*, 28 Pa. St. 383; *State* v. *Tilma*, 49 N. W. 806; *State* v. *Dahl*, 27 N. W. 343; *Commonwealth* v. *Commercial Bank*, 10 Ohio, 535. The complaint states not only the usurpation of defendant but also the right of relator to the office, and that is sufficient.

Under the facts set out in the complaint the relator was holding over under color of title, and had an interest in the office: Constitution of Oregon, article, XV, § 1; *Hamlin* v. *Kassafer*, 15 Or. 460; *State* v. *Simon*, 20 Or. 277; *Stevens* v. *Carter*, 27 Or. 553.

The demurrer admits that the defendant is a woman, and the only question to be settled is that of eligibility. The court will take judicial knowledge of the law, and its validity or invalidity

need not be pleaded: Hill's Code, § 707, subdivision 3; *Dolph* v. *Barney*, 5 Or. 192; *Currie* v. *Southern Pacific Company*, 21 Or. 566.

No one but a male citizen of the state can legally hold the office of superintendent of schools: Constitution, Art. VI, §§ 2, 6, 7, 8. Therefore woman is not eligible to that office: *In re Cancellation from Registry List*, 35 N. E. 1094: *Aherns* v. *English*, 29 N. E. 678; *Plumer* v. *Yost*, 33 N. E. 191, 192, 193; *In re Inspectors*, 25 N. Y. Supp. 1063.

The office of superintendent of common schools was in existence at the time of the adoption of the constitution, and remained in force under its terms: Laws of 1855, 458; Constitution, Art. XVIII, § 8. That office is then a constitutional office. See cases cited *supra*.

PER CURIAM. 1. The necessity for an immediate decision renders it impossible for us to do anything more than indicate very briefly our conclusions. It is claimed that the complaint is defective because it does not in terms tender an issue upon the constitutionality of the act of the legislature authorizing women to hold educational offices: Laws, 1893, 62. But it is unnecessary to set out the statute or allege its unconstitutionality in a complaint, for the court will take judicial knowledge of its existence and provisions; and, besides, in a proceeding of this kind a general allegation that the defendant unlawfully intrudes into and usurps the office is sufficient to call upon him to disclose and set up his title thereto: High on Ex-

traordinary Remedies, § 712. The ordinary rule in civil actions which imposes the burden upon the plaintiff to allege and prove his title does not apply in a *quo warranto* proceeding, the object of which is to require the occupant of a public office to show by what right or authority he holds and exercises the same, and if he fails to show a complete title to it judgment must go against him

2. It is next claimed that the complaint is insufficient because it does not allege that the action was instituted by the district attorney in his official capacity, but this objection is without merit. The action is brought in the name of the state, upon the relation of a private party and is signed by the district attorney in his official capacity, and this is sufficient to comply with the provisions of section 357 of Hill's Code,* authorizing such proceedings, if, indeed, the action could not be maintained under the statute in the name of the state by a private relator without the consent of the district attorney. The case of *State ex rel.* v. *Lord*, 28 Or. 498, (43 Pac. 480,) is not in point. It was there held that a suit in equity in behalf of the state in its sovereign capacity for an injunction could only be instituted by the proper law officer in his official capacity, and under the responsibility of his office, and it must so appear in the complaint, but this is an action at law authorized by statute, and therefore this rule has no application.

* Section 357, Hill's Code, here referred to, reads as follows: "An action at law may be maintained in the name of the state, upon the information of the prosecuting attorney, or upon the relation of a private party against the party offending, in the following cases: * * *."—REPORTER.

3. Next, it is claimed that, since the commencement of this action the relator has removed from Union County, and abandoned the office by accepting an incompatible one, but this does not appear from the record, and we are not aware of any rule of law which authorizes us to take judicial knowledge thereof on this appeal. If such is a fact, and it constitute a defense to these proceedings, it must be made to hereafter so appear in some appropriate manner. The only question for us to now determine is whether upon the facts stated in the complaint the judgment of the court below is erroneous.

4. This disposes of the objections made to the complaint, and the only remaining question is whether, under the constitution and laws of the state, a woman is eligible to the office of county superintendent of common schools. The contention of the defendant is that the act of eighteen hundred and ninety-three which provides that: "Women over the age of twenty-one years, who are citizens of the United States and of this state, shall be eligible to an educational office within this state," (Laws, 1893, p. 62,) authorizes her to hold the office in question. But, if the statute was so intended, it is plainly in violation of the provisions of the constitution, and to that extent void. Article VI, section 8 of the constitution provides that "No person shall be elected or appointed to a county office who shall not be an elector of the county"; and article II, section 2, of the same instrument defines an elector as a

29 Or.— 32.

male citizen. Hence it necessarily follows that none but male citizens can be elected or appointed to county offices. Now the office of superintendent of common schools, although not so mentioned in the constitution, was, at the adoption of that instrument, and ever since has been, and is now, plainly and unmistakably a county office. It is so named and designated in both the territorial and state statutes creating the office and defining the jurisdiction and duties of the occupant thereof. The incumbent is nominated and elected at the same time and in the same manner as other county officers. His jurisdiction is coextensive with the boundaries of his county; his salary is fixed and paid by the county, and vacancies in the office are filled by appointment of the county court. In short, the office is in every sense a county office. It therefore follows, that, whatever views we may entertain as to the propriety of the constitutional provisions prohibiting women from holding county offices, we have no alternative but to declare that under the provisions of that instrument as it now exists, they are ineligible to the office in question, and that the act of eighteen hundred and ninety-three, so far as it conflicts with the constitution, is void. The judgment of the court below is therefor affirmed.                                    AFFIRMED.