Decided 10 June, 1901.

## STATE EX REL. v. COOK.

[65 Pac. 89.]

QUO WARRANTO—TITLE TO OFFICE—PRACTICE—COMPLAINT.

1. Under Hill's Ann. Laws, § 357, providing that an action at law may be maintained in the name of the state on the information of the prosecuting attorney, or on relation of a private party, against any person who shall intrude into or unlawfully hold any public office; and section 359 declaring that the action shall be commenced and prosecuted by the prosecuting attorney; and section 361 providing that, when an action is on the relation of a private party, the pleadings shall be verified by the relator, and in all other cases by the prosecuting attorney, the proceeding must be commenced by the prosecuting attorney, and the complaint must either be signed by him or contain appropriate allegations that he commenced and prosecuted the action.

QUO WARRANTO—ALLEGING QUALIFICATIONS OF CLAIMANT.

2. In a proceeding to oust an occupant of a public office and to declare another person entitled thereto, it must appear from the complaint that the person claiming the office is legally qualified to hold it.

From Morrow: WILLIAM R. ELLIS, Judge.

This action was instituted by the state, on the relation of J. D. French against Andrew J. Cook, to determine the title to the office of road supervisor of District No. 8, Morrow County, Oregon, as between the relator and the defendant. The complaint states, in substance, that the relator was, on June 4, 1900, elected to the office ; that a commission was duly issued to him by the county clerk of Morrow County certifying his election thereto ; that he subsequently accepted the office, and qualified by taking and subscribing the requisite oath ; but that the defendant usurped and prevented him from entering upon the discharge of his duties as such supervisor. It is signed by G. W. Phelps, attorney for plaintiff, and verified by the relator. The defendant challenges its sufficiency on the grounds that it does not show that the relator was a resident of the district at the time of his election, and is not signed by the district attorney. Before the case was brought on for hearing, Hon. T. G. Hailey, District Attorney for the Sixth Judicial District, had his appearance noted upon the journal, showing not only that the prosecution was being carried on with his express assent and approval, but that the case had been so commenced. Judgment was for plaintiff, and defendant appeals.                    REVERSED.

For appellant there was a brief and an oral argument by *Mr. C. E. Redfield.*

For respondent there was a brief and an oral argument by *Messrs. Thos. G. Hailey,* District Attorney, and *G. W. Phelps.*

MR. JUSTICE WOLVERTON, after stating the facts, delivered the opinion of the court.

1.  Our first inquiry will be directed to the nature of the proceeding and the manner of its prosecution.  The statute has abolished the writ of *quo warranto* and proceedings by information in the nature of *quo warranto* (Hill's Ann. Laws, § 354); but it is only as to the form of these writs that the statute is operative.  The remedies still remain, and may be made available by means of the action designed to take their place and subserve their purpose. It may be appropriately denominated a civil action, as it is provided for and given a place in the Code of Civil Procedure, while it may still possess some of the characteristics of a criminal proceeding : *State* v. *Douglas County Road Co.* 10 Or. 198; *People* v. *Cook,* 8 N.Y. 67 (59 Am. Dec. 451); *People ex rel.* v. *Thacher,* 55 N. Y. 525 (14 Am. Rep. 312); *People ex rel.* v. *Hall,* 80 N. Y. 117.  Although civil, the action is public in character.  The people being the ultimate source of the right to hold a public office, the public is always concerned when the right or title thereto is called in question.   Its interest may not be so great as that of the contestants, yet it is always concerned that no one shall usurp the place and thus become a public functionary without right or title.   Hence it was that *quo warranto* would not lie for the determination of a private right : 2 Spelling, Extr. Relief, § 1773 ; *Ramsey* v. *Carhart,* 27 Ark. 12.  In *Wallace* v. *Anderson,* 18 U. S. (5 Wheat.) 291, there was an information for a *quo warranto* to try the title to a public office, and it was held, Mr. Chief Justice MARSHALL delivering the opinion of the court, that it could not be maintained except at the instance of the government, and that without its authority the writ could not be sustained, whatever might be the rights of the prosecutor or of the person claiming to exercise the

office in question. "As regards the proper parties to an information in the nature of *quo warranto*," says Mr. High in his work on Extraordinary Legal Remedies (3 ed.), § 697, "it is to be observed that, while the remedy by information to test the right to a public office is now generally regarded as in the nature of a civil remedy, it still retains the form of a criminal proceeding, so far, at least, as concerns the parties prosecuting and the title of the cause. And, in the absence of statutory regulations to the contrary, the common-law rule still prevails requiring the proceeding to be instituted in the name of the state or sovereign power by the attorney-general or other prosecuting officer; and a private citizen will not be allowed to file the information in his own name, and of his own volition, since the law does not contemplate the use of this remedy by individual citizens to redress the wrongs of the state. The principle underlying the rule seems to be that in the case of a public office or franchise the usurpation is a public wrong, and the remedy should, therefore, be a public one, carried on in the name of a public prosecutor, and the real relator ought not to be allowed to usurp the process for private ends. * * * And, while it would seem to be of but little practical importance in whose name the proceedings are instituted, yet the old practice is still followed, unless otherwise provided by the statute." To the same purpose is the authority of Mr. Spelling. He says: "Even where, as in a majority of the states, the criminal character of the proceeding is considered little more than a fiction, and it is regarded as a civil action, to be governed by the same rules of pleading and practice, the prerogative feature is still preserved to the extent of requiring the government in some form to appear of record as plaintiff": 2 Spelling, Extr. Relief, § 1766.

Our statute provides that an action at law may be

maintained in the name of the state upon the information of the prosecuting attorney, or upon the relation of a private party, against any person who shall intrude into or unlawfully hold or exercise any public office, which action shall be commenced and prosecuted by the prosecuting attorney of the district where the same is triable. When the action is upon the relation of a private party, the pleadings on behalf of the state shall be verified by such relator, and in all other cases by the prosecuting attorney. And it is further provided that the prosecuting attorney, in addition to the cause of action, may also separately set forth in the complaint the name of the person rightfully entitled to the office or franchise, and in such case judgment may be given upon the right, both of the defendant and the person alleged to be entitled thereto : Hill's Ann. Laws, §§ 357, 359, 361. The legislative intendment, as gathered from these sections of the statute, would seem to be that, whether the purpose of the action be to oust the intruder only, or to go further, and to instate the person entitled to the office, the action should be brought in the name of the state, either upon the information of the prosecuting attorney of the district where it is triable, or on the relation of a private party. In either case, it is made the duty of the prosecuting attorney to commence and prosecute the action. As was said in *People* v. *Attorney-General,* 22 Barb. 114, quoted with approval by this court in *Everding* v. *McGinn,* 23 Or. 15, 18 (35 Pac. 178) : "It is a public prosecution, instituted by a public prosecutor under his official obligation and responsibility." To "commence and prosecute" has a larger significance, therefore, than merely to give assent to the bringing of the action by a private party who may become associated with the state in the prosecution of the intruder. The prosecuting attorney must himself set it in motion, and

be responsible for its conduct and prosecution ; and in doing this he could not do less than to sign the complaint in his official capacity, which has been held sufficient where the action is instituted in the name of the state upon the relation of a private party:. *State ex rel.* v. *Stevens*, 29 Or. 464 (44 Pac. 898). But unless there is some showing, either by appropriate allegations or by the official signature, indicating that the action has been commenced and is being prosecuted by the state officer, the complaint can not be held sufficient. Whether, in any case, the action may be prosecuted by the relator without the instrumentality of the state's attorney, is a question with which we are not concerned at this time.

2. It is next insisted that the complaint is objectionable by reason of the fact that it fails to allege that the relator was, at the time of his election, a resident of the district for which he was elected supervisor. The law creating the office requires him to be a resident of the district : Hill's Ann. Laws, § 4082, as amended by Laws, 1899, p. 65. As a general rule, it is unnecessary to show title in the relator where the action is instituted for the mere purpose of ouster ; but, where induction as well as ouster is sought, as in the case at bar, his title and qualifications must be set forth with reasonable certainty : 2 Spelling, Extr. Relief, § 1848. In the latter instance the complaint should show the interest and eligibility of the relator, and pertinent facts establishing his election or appointment to the office : 2 Spelling, Extr. Relief, § 1848 ; *Reynolds* v. *State ex rel.* 61 Ind. 392 ; *State ex rel.* v. *Long*, 91 Ind. 351 ; *State ex rel.* v. *Bieler*, 87 Ind. 320.; *State* v. *Stein*, 13 Neb. 529 (14 N. W. 481); *State ex rel.* v. *Hamilton*, 29 Neb. 198 (45 N. W. 279), and *People ex rel.* v. *Ryder*, 12 N. Y. 433. The complaint is vulnerable to this criticism, as well as the one hereinbefore discussed.

The judgment will therefore be reversed, and the cause remanded for such other proceedings as may seem proper, not inconsistent with this opinion.　REVERSED.

Decided 10 June, 1901.