Argued December 11, 1911, decided January 2, rehearing denied March 19, 1912.

## In re STATE *v.* MILLIS.

[119 Pac. 763.]

QUO WARRANTO—POWERS OF PROSECUTING ATTORNEY.

1. While all of the powers exercised by the Attorney General at common law still exist, the Legislature may distribute them among various officials, and the creation of the office of the Attorney General, after the

enactment in 1862 of what is now Sections 363-377, L. O. L., which authorizes prosecuting attorneys to begin those actions provided for in the place of *quo warranto,* did not deprive the prosecuting attorneys of those powers, even though such powers at common law belong to the Attorney General.

QUO WARRANTO—PROCEEDINGS—CONSENT OF STATE OFFICERS—PROSE-
CUTING ATTORNEYS—STATUTES—"COMMENCE"—"PROSECUTE."

2. Sections 363-377, L. O. L., abolished the writ of *quo warranto,* and provided that the remedies obtainable under that proceeding might be obtained by an action at law in the name of the State by the prosecuting attorney. Subsequently, by Section 2666, L. O. L., the office of Attorney General was created, and Section 2670 makes it his duty to appear, prosecute, and defend for the State all suits or proceedings in the Supreme Court in which the State is a party or interested, to appear, prosecute, or defend any action in any court in which the State is a party or interested, and, when requested, to consult and advise with the district attorneys. *Held,* that it being the duty of the courts reconcile, if possible, two apparently conflicting statutes, so that both may stand, the enactment of these later statutes did not deprive prosecuting attorneys of the exclusive right to commence those actions given in place of *quo warranto,* the word "commence" having rather a different significance from "prosecute," which may mean to prosecute an action to completion after it has been commenced by another.

QUO WARRANTO—PROCEEDINGS—DEMURRER—"JURISDICTION."

3. Where the action provided for in place of *quo warranto* was erroneously begun by the Attorney General, the defect could be taken advantage of by demurrer, for, while the court had jurisdiction over the defendants by their appearance, jurisdiction involves, not only authority over the person of defendant but authority over the subject matter, and the complaint showed that the action had not been commenced according to law.

From Coos: LAWRENCE T. HARRIS, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action in the nature of *quo warranto* by the State, on the relation of T. R. Sheridan, F. N. McLean, O. J. Seely, and R. A. Graham, against C. J. Millis, J. S. Coke, C. H. Redington, W. S. Chandler, William Hood, E. E. Calvin, and W. F. Herrin.

This action is brought under Section 366, L. O. L. T. R. Sheridan and three others as relators, in the name of the State of Oregon, filed an amended complaint in the circuit court for Coos County, the opening paragraph of which is as follows:

. "The plaintiffs above named come by A. M. Crawford, Attorney General of the State of Oregon, who prosecutes

this action on behalf of the State, and by E. B. Watson, attorney for plaintiffs, and file this amended complaint, and complain of the defendants, and for their cause of action allege the following facts."

The substance of the pleading is that the relators, together with three others, were the duly elected, qualified, and acting directors of the Coos Bay, Roseburg & Eastern Railroad & Navigation Company, a private corporation formed for the purpose of operating a railroad between Marshfield and Myrtle Point. They charge that the defendants have unlawfully intruded into the office of director of said corporation and excluded the relators therefrom, and demand judgment that the defendants have no right or title to the office of director of the corporation, that they be excluded from participation in the directorate, and that the relators be declared to be such directors. The defendants demurred to this complaint because, among other things, first, "the above-entitled court has no jurisdiction of the person of the defendant or of the subject of this action * * for that it does not appear from said amended complaint that said action has been commenced and prosecuted by the prosecuting attorney of the Third prosecuting attorney district of the State of Oregon, the district where said cause is triable, or that the original or amended complaint has been signed by him; and, * * third, that said amended complaint does not state facts sufficient to constitute a cause of action."    AFFIRMED.

For appellants there was a brief and oral arguments by *Mr. Andrew M. Crawford,* Attorney General, and *Mr. Edward B. Watson.*

For respondents there was a brief over the names of *Mr. William D. Fenton, Mr. James E. Fenton, Mr. J. E. Foulds, Mr. A. J. Sherwood,* and *Mr. Ben C. Dey,* with oral arguments by *Mr. Wm. D. Fenton* and *Mr. James E. Fenton.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1, 2. The substantial question presented for our consideration is whether a district attorney or the Attorney General shall commence an action of this kind. Chapter 5, Title 5, L. O. L. §§ 363-377, both inclusive, was enacted in 1862. Section 363 says that "the writ of *scire facias,* the writ of *quo warranto,* and proceedings by information in the nature of *quo warranto* are abolished, and the remedies heretofore obtainable under those forms may be obtained by action at law in the mode prescribed in this chapter." After Sections 364 and 365, relating to actions against corporations either by direction of the Governor or by leave of court, Section 366 appears as follows:

"An action at law may be maintained in the name of the State, upon the information of the prosecuting attorney, or upon the relation of a private party against the person offending, in the following cases: (1) When any person shall usurp, intrude into or unlawfully hold, or exercise any public office, civil or military, or any franchise within this State, or any office in a corporation either public or private, created or formed by or under the authority of this State. * * "

Section 368 of the chapter mentioned states that:

"The actions provided for in this chapter shall be commenced and prosecuted by the prosecuting attorney of the district where the same are triable. * * "

Section 369 reads thus:

"When directed by the Governor, as prescribed in Section 364, it shall be the duty of the prosecuting attorney to commence the action therein provided for accordingly. In all other actions provided for in this chapter it shall be the duty of the proper prosecuting attorney to commence such action, upon leave given where leave is required, in every case of public interest, whenever he has reason to believe that a cause of action exists and can be proven, and also for like reasons in every case of private interest only in which satisfactory security is

given to the State to indemnify it against the costs and expenses that may be incurred thereby."

In 1891 the legislative assembly enacted what is now Section 2666, L. O. L.:

"There is hereby created the office of Attorney General of the State of Oregon."

In 1901 that body prescribed the duties of the Attorney General in what is now Section 2670, L. O. L. So far as litigation is concerned, the provisions of that section are here given:

"The Attorney General, at the request of the Governor, Secretary of State, State Treasurer, Superintendent of Public Instruction or any of the said parties, shall, upon the breach thereof, prosecute any official bond or contract in which the State is interested. * * He shall appear, prosecute or defend for the State all suits, causes, or proceedings in the Supreme Court in which the State is a party or interested; and he shall, when requested by any State board, or board of trustees, or by the Governor or Secretary of State or State Treasurer appear, prosecute, or defend any action, suit, matter, cause, or proceeding in any court in which the State is a party or interested; and he shall, when requested, consult and advise with the district attorneys in all matters pertaining to their official duties."

It is the relators' contention, in effect, that although the district attorney, before the creation of the office of Attorney General, had authority, and it was his duty, to commence and prosecute the kind of actions in question, yet, when the legislature in 1891 created the office of Attorney General, that officer at once, by virtue of his office, was vested with exclusive power in such matters. They argue that the Attorney General has all the powers belonging to his office at common law, and cite many authorities to that effect. A careful examination, however, of all the citations shows merely that the powers exercised by an Attorney General at common law are preserved in some form at the present day. There is no

efficacy in the mere words "Attorney General" to over-
come the direct and express provisions of the statute
conferring the power in question upon another officer. In
the case of the *United States* v. *San Jacinto Tin Co.*, 125
U. S. 273, 307 (8 Sup. Ct. 850, 868; 31 L. Ed. 747).
Justice Field very aptly says:

"I do not recognize the doctrine that the Attorney
General takes any power by virtue of his office except
what the constitution and the laws confer. The powers
of the officers of England are not vested in the executive
officers of the United States government simply because
they are called by similar names. It is the theory, and,
I may add, the glory, of our institutions that they are
founded upon law, and that no one can exercise any
authority over the rights and interests of others except
pursuant to and in the manner authorized by law."

To sustain the contention of the relators would require
us to hold that the act creating the office of Attorney
General repeals by implication the provisions of the
chapter just noted requiring actions of this kind to be
commenced and prosecuted by the district attorney. In
the language of Justice MCBRIDE in the *State ex rel* v.
*Malheur County Court*, 54 Or. 255 (101 Pac. 907: 103
Pac. 446), "a repeal by implication only arises when both
statutes cannot be reconciled with each other by any
reasonable interpretation, or where there is a clear intent
shown by the terms of the latter act that it shall super-
sede the other. * * Repeals by implication are not
favored, and repugnancy between two statutes should be
clear before a court is justified in holding that a later
statute impliedly repeals an earlier one." It is our duty,
therefore, if possible, to reconcile these two statutes so
that both may stand. Bearing in mind, then, that under
the requirements of Section 368, L. O. L., in the very
words themselves, it is stated that the actions of the
kind in question shall be commenced and prosecuted by
the prosecuting attorney of the district where the same

are triable, and that under Section 369, L. O. L., it is the duty of the proper prosecuting attorney to commence such action whenever he has reason to believe that a cause of action exists and can be proved, we turn to the provisions of Section 2670, describing the duties of the Attorney General. In respect to actions, his functions are summed up in the injunction that he shall appear, prosecute, or defend in an action in which the State is a party or interested. The word "commence" in respect to actions is not used in that section, and his only authority to begin an action is found in the words "appear" or "prosecute." Construing together, for the purposes of this case, the sections describing the duties of the two officers, we find that the Attorney General may with all consistency to the duties of the district attorney appear or prosecute or defend an action. In common practice it often happens that an attorney may appear in a case and prosecute it to completion long after it has been commenced by some other attorney. While, in its broadest sense, the term "prosecute" might include the commencement of an action, yet, when, as in this case, the institution of the action is expressly intrusted to another officer, the Attorney General may well prosecute a case that has been inaugurated by the district attorney, and is not necessarily empowered to begin the action himself. That it was not the intention of the legislative assembly to abridge the powers or circumscribe the duties of the district attorneys in respect to the Attorney General is indicated by the clause in Section 2670, L. O. L., requiring the Attorney General to consult and advise with the district attorneys in all matters pertaining to their official duties. The idea of supersession is not couched in such language. All those powers exercised by the Attorney General at common law exist at the present day, yet it was competent for the legislative assembly to distribute them among different officers to be exercised. This we

think the legislative assembly has done in the matter under consideration by giving to the district attorney the authority to commence actions of the kind in question as well as the performance of various other duties, such as signing an indictment, appearing before a grand jury, and the like. We conclude, therefore, that the district attorney, and not the Attorney General, was the only person having authority to commence the action in question.

3. It remains to be determined whether the question was properly raised by demurrer to the amended complaint. The earliest case on this point in the case of *State* v. *Chadwick and Brown,* 10 Or. 423. In that suit the State sought to require the defendants as Secretary of State and State Treasurer to account for and pay over money claimed to have been received by them, and not accounted for. The complaint was signed by "J. M. Thompson, Attorney for the Plaintiff," he not being a district attorney, but only a private practitioner. The defendants moved to strike the complaint from the files, for the reasons that it was not signed by the district attorney, that the suit was brought without authority, and that the complaint was not properly verified. The court overruled the motion, and they put in a demurrer to the complaint on the same grounds, which was also overruled. They then answered to the merits. On appeal this court declined to determine whether or not the proper district attorney alone can appear for and represent the State in judicial proceedings, and held that the question was not presented by the record. It said, however, that "the objections made by appellant in the court below and which were passed upon there were that the complaint was not signed by the proper district attorney and that the suit was unauthorized, but these objections were preliminary in their nature and were waived by filing the answer." In the present case, however, this question

is squarely presented by the demurrer, and the condition of waiver does not appear. This will distinguish it from the case of *State* v. *Chadwick.*

In the later case of *State ex rel.* v. *Cook,* 39 Or. 377 (65 Pac. 89), the question was more directly presented. That was a case of *quo warranto* to determine the title to the office of road supervisor. The complaint was signed by private counsel only; but, before the case was brought on for hearing, the district attorney had his appearance noted on the journal. After reviewing the authorities, Justice WOLVERTON laid down the rule in these terms:

"But unless there is some showing either by appropriate allegations or by the official signature indicating that the act has been commenced and is being prosecuted by the State officer, the complaint cannot be held sufficient."

In *People* v. *Oakland Water Front Co.,* 118 Cal. 234 (50 Pac. 305), Justice BEATY held that the proper practice would have been followed if the defendant had moved in the district court to dismiss the information upon the ground, among others, that the Attorney General had no authority or power to institute or prosecute proceedings in the name or on behalf of the people of the State. Although the question was not raised in this way in the district court, the Supreme Court held it to be a jurisdictional question, and proceeded to determine the matter in the Supreme Court. True enough, the court in that case held that, under the California practice, the Attorney General had authority to commence the action, but the principle applicable in this case is that the question of his authority is one of jurisdiction, which can be urged by demurrer as in the case at bar.

The matter of jurisdiction involves two elements: First, jurisdiction over the person of the defendant; and, second, jurisdiction over the subject-matter or the right to try the particular case presented to the court. Here by their

general appearance the defendants have submitted their persons to the jurisdiction of the court, but the court has no power to try the case presented; it being defective for want of proper authority of the officer undertaking to commence it. In other words, the condition and situation disclosed by the complaint are not those in which the power of the court may be called into action. The rights of a citizen may not be called in question except in the manner provided by law. Many cases might be cited illustrative of the principle that it must appear in some way in the initial pleading that a case of the kind in question has been commenced by the authority of the proper officer, but these two will suffice. *Mowry* v. *Whitney,* 14 Wall. 434 (20 L. Ed. 858); *United States* v. *Throckmorton,* 98 U. S. 61 (25 L. Ed. 93). The relators seem to concede this principle by enlisting the services of the Attorney General, but the question here is whether he was the proper officer. If there were no other provisions in the statute except those of Section 2670, L. O. L., describing the duties of the Attorney General, it would be possibly correct to say that he could commence the action by virtue of his common-law powers; but the legislature, as we have already shown, has seen fit to invest the district attorney with the common-law power relating to the question involved. Hence we decide that the action is not properly commenced, and that the demurrer was rightly sustained.

The decision of the court below is affirmed.

AFFIRMED.

---

Decided January 30, 1912.   Rehearing denied in each case March 19, 1912.