AARON E. WAIT, *Chief-Justice.*
REUBEN P. BOISE AND ⎞
RILEY E. STRATTON, ⎭ *Associate Justices.*

J. G. WILSON, *Clerk.*

---

MATTHEW RUCKLES, Plaintiff in Error, *v.* STATE OF OREGON,
*ex rel.* JOHN FULLERTON, Defendant in Error.

### *Error to Douglas.*

1. A board of county commissioners is a tribunal of limited jurisdiction.
2. Such board has *no authority* to require a sheriff to execute a new bond when a prior one shall become insufficient, and to declare the office vacant in case of a failure to file such new bond.

THE suit in the court below was brought under the statute to determine the right to the office of sheriff of Douglas County. The complaint alleges, in substance, that Fullerton, the relator, at the general election held in June, 1860, was duly elected sheriff of Douglas County, and that he gave a bond, which was duly approved, and took the oath required

by law, and entered upon the discharge of the duties of the office ; that the relator was legally entitled to the office, and that Ruckles had usurped the same; that Ruckles pretends to claim and to hold said office by appointment from two of the board of county commissioners of said county, at a special meeting of said board, held without notice to the third member of said board, or to the relator.  The answer of the defendant admits that the relator was duly elected, and qualified sheriff of Douglas County, and that he gave an official bond, duly approved, and entered upon the duties of the office; and that, at a special meeting of the board of county commissioners for said county, held on the 18th of October, 1861, the relator being present and consenting, it was ordered by said board, that the sheriff file a new bond within ten days; that at a special meeting of said board, held on the 29th of October, 1861, it appearing that the sheriff had not filed a new bond, said board declared the office vacant, and filled the vacancy by the appointment of the defendant ; that the defendant had not usurped the office, and that he, and not the relator, is entitled to the office, and that Hutchinson, the third member of the said board, at the time of said meetings, and for more than ten days prior thereto, was, and has since remained in the State of California.  The plaintiff demurred to the answer.  The court below sustained the demurrer, and the defendant, standing by his demurrer, judgment was entered for the plaintiff, and that the relator be reinstated in the office.

*L. F. Mosher*, for plaintiff in error.

*G. H. Williams*, for defendant in error.

WAIT, C. J.  It is claimed, on behalf of the plaintiff in error, that a sheriff, duly elected and qualified, may be required, by order of the board of county commissioners, to give a new bond, with sufficient sureties, and in case of a failure to comply with such order, said board may declare the office vacant, and fill the vacancy by appointment.  Boards of county com-

Ruckles *v.* State.

missioners are clearly authorized to fill all *vacancies* within their respective counties in the office of sheriff. Had a vacancy occurred in the office of sheriff of Douglas County at the time of the appointment of Ruckles? We think not. Section 2, of title 2, of chapter 2, of the statutes provides as follows : " Every office shall become vacant on the happening of the following events, before the expiration of the term of such office ;" " 6. His refusal or neglect to take his oath of office, or to give, or renew his official bond, or to deposit such oath or bond within the time prescribed by law." This statute clearly looks towards the renewal of official bonds ; but upon whose application, and on the order of what tribunal, must such renewal be made? Shall the State, the county treasurer, an execution creditor, or one of the county commissioners, move in the matter ; and when, how, and where shall the proceedings be instituted?

A board of county commissioners is a tribunal of limited jurisdiction. It possesses the power to fill a vacancy, because that power has been conferred by statute; and if the power to require a new bond, and to declare an office vacant, rests in that body, it is because that power also has been delegated to it. If Fullerton *had forfeited* his office, by reason of the insolvency of his sureties, or by reason of his failure to furnish a new bond, then the statute provides a remedy by action by the prosecuting attorney, on his information, or on the complaint of a private party. (*See* " *Actions in the place of scire facias, quo warranto, and of informations in the nature of quo warranto,*" *chapter* 1, *sec.* 5, *of the Statutes.*) Our statute also authorizes the governor to " declare vacant the office of every officer required by law to execute an official bond, whenever a judgment shall be obtained against such officer, for a breach of the condition of such bond." We have no provision of law which clearly authorizes the county commissioners to require a sheriff to execute a new bond, when a prior bond shall become insufficient, and to declare the office vacant in case of a failure to file such new bond. An officer, duly elected and qualified, is entitled to the en-

joyment of·his office until lawfully deprived thereof, subject only to its clearly declared limitations and disabilities. The action of the board of· county commissioners, in requiring Fullerton to give a new bond, and in declaring a vacancy and supplying the office, was without warrant of law.

Judgment affirmed.