Argued May 25, decided June 13, 1911.

## STATE ex rel. *v.* SWIGERT.

[116 Pac. 440.]

STATUTES—SPECIAL LAW—MUNICIPAL CORPORATIONS—GOVERNMENT.

1. Act Feb. 23, 1911 (Laws 1911, p. 319), provides that every municipal corporation of the class designated and known as "ports" which contains a population of more than 100,000 as shown by the last federal census shall be governed by a board of seven commissioners to be appointed by the Governor for a term of four years. *Held* that, since there was only one port in the State at the time of the passage of the act containing the required population, and, as the act referred only to the federal census last preceding its passage, no other port could thereafter by increase of population be included within the law, it was in violation of Section 2, Article XI, Constitution of Oregon, providing that corporations shall not be created by special laws.

STATUTES—NONUNIFORMITY—CLASSIFICATION.

2. Act Feb. 23, 1911 (Laws 1911, p. 319), providing that municipal corporations known as "ports" containing a population of more than 100,000 should be governed by a board of seven commissioners to be appointed by the Governor for a term of four years, was unconstitutional; the classification not being based on a real and actual distinction.

Original proceeding in Supreme Court.

Statement by MR. CHIEF JUSTICE EAKIN.

This is an action by the State of Oregon, *ex rel.*, C. A. Gray, Robert D. Inman, James Maguire, M. O. Collins and H. M. Esterly, as commissioners of the Port of Portland, a corporation, relators, and against C. F. Swigert, C. F. Adams, John Driscoll, Archie Pease, P. L. Willis, John C. Ainsworth and William D. Wheelwright, are defendants, in the nature of *quo warranto* commenced by an original proceeding in this court under Section 2 of Article VII of the constitution, as amended November 8, 1910 (Laws 1911, p. 7), which provides that "the Supreme Court may, in its own discretion, take original jurisdiction in *mandamus, quo warranto* and *habeas corpus* proceedings." The relators were appointed by the Governor as commissioners of the Port of Portland, and they bring this action for the purpose of removing from office the defendants, who constitute the board of commissioners appointed by the legislature on February 26, 1903,

or subsequent thereto to fill vacancies in the commission. The Port of Portland was first created by an act of the legislative assembly on February 18, 1891; as a municipal corporation.   By section 9 of the act (Sp. Laws 1891, p. 794) the power and authority given to the corporation is vested in 15 commissioners, named therein, and their successors in office to be chosen as provided in the act. Section 12 provides that, if an appointed commissioner neglects to qualify or removes from the corporation limits, his place shall be deemed vacant, and all vacancies so occurring or occurring from death, resignation, or other cause shall be filled by the remaining members of the board.   On February 18, 1899, the legislative assembly amended section 9 of the act (Laws 1899, p. 150) by appointing nine commissioners to constitute the board, their successors to be chosen as hereinbefore provided. March 1, 1901, the charter was re-enacted, and by Section 25 (Laws 1901, p. 430) seven commissioners were appointed to constitute the board to serve until their successors in office are chosen as hereinafter provided, and by Section 28 if a commissioner refuses to qualify, or removes from the corporate limits, his office shall be deemed vacant, and that all vacancies arising in the commission from any cause shall be filled by the remaining members of the commission by election, until the next session of the legislature when the vacancies so created shall be filled by election by the legislative assembly.   By the act of the legislative assembly of February 26, 1903, Section 25 of the charter was again amended (Laws 1903, p. 340) appointing Swigert, Driscoll, Adams, Pease, Spencer, Willis, and Thomas as the board of commissioners, but making no change in the duration of the term of office or the manner of choosing their successors in office.   At the session of 1905 Ainsworth was elected to fill the vacancy caused by the resignation or absence of Spencer. At the 1907 session Wheelwright was elected to fill the

vacancy caused by the absence of Swigert from the port, and Swigert was elected to fill the vacancy caused by the resignation of Thomas. On February 23, 1911, the legislative assembly passed an act providing for the appointment of commissioners for the government of ports having a population of more than 100,000. Laws 1911, p. 319. The first clause of section 1 of which is involved here, viz.:

"Every municipal corporation of the class designated and known as 'Ports' which contains within its boundaries a population of more than 100,000, as shown by the last federal census, shall be governed by a board of seven commissioners."

The act provides that the commissioners shall be appointed by the Governor for a term of four years in the manner therein provided. Pursuant to the provision of the act, the Governor appointed the relators, together with S. M. Means and Joseph Goodman, as such commissioners. The two last named neglected to qualify or accept the office, and the relators bring this proceeding to establish their right and title to the offices as commissioners of the Port of Portland. Defendants demur to the complaint for the reason that it does not state facts sufficient to constitute a cause of action, relying upon the unconstitutionality of the said legislative act of 1911.

DISMISSED.

For relators there was a brief over the names of *Mr. M. G. Munley, Mr. Hayward H. Riddell, Mr. Will R. King* and *Mr. William A. Munley,* with oral arguments by *Mr. M. G. Munley, Mr. Riddell* and *Mr. King.*

There was also a brief over the names of *Mr. W. S. U'Ren* and *Mr. Stephen A. Lowell, amici curiae,* with an oral argument by *Mr. U'Ren.*

For defendants there was a brief over the names of *Messrs. Williams, Wood & Linthicum,* with an oral argument by *Mr. Charles E. S. Wood.*

Opinion by MR. CHIEF JUSTICE EAKIN.

1. On June 4, 1906, Section 2 of Article XI, of the constitution was amended to read:

"Corporations may be formed under general laws, but shall not be created by the legislative assembly by special laws.   The legislative assembly shall not enact, amend, or repeal any charter or act of incorporation for any municipality, city, or town.   The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, subject to the constitution and criminal laws of the State of Oregon."

Prior to this amendment it was in the power of the legislature, by special act, to amend the charter of the port as it saw fit, as to the number of commissioners, their term of office, and the time and manner of their election, but such changes could have been accomplished only by legislative act.   The legislature could not have appointed commissioners at a joint session of the two houses except to fill vacancies, which authority it still has as it is the appointing power named in the charter. If an act had been passed by the legislature fixing the duration of the term of office and appointing new commissioners, or authorizing the Governor to appoint them, its effect would have been to amend or repeal the former provisions of the charter in those particulars, as fully as section 9 of the charter of 1891 was amended by the act of 1899, or that amendment again amended in sections 25 and 28 in the charter of 1901, and again in 1903.   But by the amendment of Section 2, Article XI, of the constitution, the power to amend or repeal the charter was taken from the legislature.   The plaintiffs seek to avoid the effect of that amendment, contending that the act of 1911, referred to, is a general law, and therefore not within the inhibition of the constitutional amendment; that the clause of section 1 thereof, above quoted, included all ports which contain a population of over 100,000 as shown by the last federal census, makes it general as to

all ports that are now or hereafter may come within that classification. On the other hand, defendants urge (1) that such a classification confines its application, and was intended to apply to the Port of Portland; and (2) that the classification attempted thereby is arbitrary and not based on any real distinction, and therefore is special and with this latter view we agree.

The provision of the act that "every municipal * * port which contains within its boundaries a population of more than 100,000 as shown by the last federal census" refers to the last census before the enactment. It means a present condition as fixing the class that may come within the law, and cannot be construed to include ports thereafter created or that may subsequently acquire that population. It includes only such ports as at that time had the necessary population of which there was but one —the Port of Portland. This question was well considered in *Ladd* v. *Holmes,* 40 Or. 167, 173 (66 Pac. 714, 716: 91 Am. St. Rep. 457) in which Mr. Justice WOLVERTON says:

"A statute, however, which is plainly intended to affect a particular person or thing, or to become operative in a particular place or locality and looks to no broader or enlarged application, may be aptly characterized as special and local and falls within the inhibition. * * It may be stated as a positive rule of general application that all acts or parts of acts attempting to create a classification of cities by population which are confined in their operation to a state of facts existing at the date of their adoption or any particular time, or which by any device or subterfuge exclude other cities from ever coming within their purview, or based upon any classification which in relation to the subject concerned is purely illusory, or founded upon unreasonable * * distinctions," are special and local. The opinion states the rule very clearly and we believe correctly. Counsel for plaintiff suggest that

so far as the opinion holds that the reference therein to
the last federal census in the present tense would mean
unmistakably the census of 1900 is clearly dictum, but
we do not so consider it.   The question in that case was
whether the classification "as shown by the last state or
federal census" was comprehensive enough to make it a
general law, and the opinion first ascertains the rule for
the purpose of applying it to the facts in the case before
it.   But, if considered as only *dictum*, yet we find that
it is a correct statement of the law, and is fully sup-
ported by the argument of the opinion and authorities
cited, and is directly applicable in this case.   The classi-
fication of the statute here considered confines its opera-
tion to a state of facts existing at the date of its adoption,
and excludes all other ports from ever coming within its
purview, and is therefore special.

2. Furthermore, the classification must be upon some
real and actual distinction as a justification for it.   We
conceive that no distinction exists for a different rule in
ports of 100,000 population than for those with a lesser
population as to the limitation of the term of office or
time or manner of election.   No reason is named in the
act, nor is any suggested by counsel.   If none exists, then
the classification is illusory, and without existence in fact
and the law is special.   There must be a difference in the
situation, circumstances, and requirements of the ports
as the ground for the classification, and not special legis-
lation under that guise:   *Richards* v. *Willard,* 176 Pa.
213 (35 Atl. 114) ; *Blankenburg* v. *Black,* 200 Pa. 629 (50
Atl. 198).   And we conclude that the classification is
an arbitrary one, and that the law in fact applies only to
the Port of Portland, and exempts from its provisions all
other ports.

The act here challenged is an attempt to amend sections
25 and 28 of the charter of the Port of Portland by
changing the duration of the term of office of the com-

missioners and the appointing power, and the time and manner of their election in violation of Section 2, Article XI, of the constitution. It is also objectionable because the attempted classification of ports affected by its provisions is arbitrary and illusory, and therefore the act is void, and the relators are not the commissioners of the Port of Portland.

The demurrer is sustained and the complaint dismissed.

DISMISSED.