Argued October 10, demurrer sustained October 23, 1914.

## STATE EX REL. v. DILLARD.

(144 Pac. 127.)

Officers—Recall—Filing Petition.

1. Under Article II, Section 18, of the Constitution, requiring a recall petition to be filed with the officer with whom a petition for nomination to the office should be filed, and requiring the same officer to order a special election, and Section 3364, L. O. L., providing that petitions for nomination for district attorneys, in districts consisting of a single county, shall be filed in the office of the Secretary of

State, a recall election ordered by a county clerk of a district attorney for a single county pursuant to a petition filed with a county clerk and not with the Secretary of State is invalid; the constitutional provision being express and mandatory.

Elections—Nominations—Filing Petition.

2. Laws of 1913, Chapter 199, Section 2, amending Section 3340, L. O. L., providing that certificates of nomination for county offices and district offices within the county shall be filed with the county clerk, does not amend Section 3364, L. O. L., naming the place of filing of petitions for nomination.

Original proceeding in Supreme Court.

This proceeding is in the nature of *quo warranto* by the State, on relation of Glen R. Mitsker, against W. B. Dillard. The defendant demurred to the petition or complaint on the grounds that it does not state facts sufficient to constitute a cause of action. The facts are fully set forth in the opinion of the court.

DEMURRER SUSTAINED.

In support of the demurrer there was an oral argument by *Mr. Martin L. Pipes.*

*Contra,* there were oral arguments by *Mr. Charles E. S. Wood* and *Mr. G. L. Martin.*

In Banc.  MR. JUSTICE RAMSEY delivered the opinion of the court.

This is an action in the nature of *quo warranto* to determine the right of the defendant to hold the office of district attorney for the county of Columbia, etc. It was commenced as an original proceeding in this court.

The legislative assembly in 1913 (Chapter 343, Laws of 1913, p. 686) passed an act providing for the election, in 1916, of a district attorney for each of the counties of the state, including the county of Columbia. Section 5 of said act provides, that, as soon as said

act should go into effect and become a law, the Governor should appoint a suitable and qualified person district attorney for each of the counties of the state, in which there was no resident district attorney, to hold his office until the general election in 1916, etc. By authority of this act, the Governor appointed the defendant district attorney of Columbia County. He qualified as such officer, and was on and prior to September 22, 1914, the duly appointed and qualified district attorney for said county.

On the 28th day of August, 1914, as shown by the complaint, there was filed in the office of the county clerk of Columbia County a petition demanding the recall of the defendant as district attorney of said county. Said petition was signed by the requisite per cent of the electors of said county.

The defendant did not resign as such officer, after the filing of said petition, and the county clerk of said county ordered a special election to be· held in said county on Tuesday, the 22d day of September, 1914, to determine whether the people of said county would recall said officer. Notice of said election was given. At said election, the relator, who was a candidate for the office of district attorney of said county, at said election, received 1,516 votes, and the defendant received only 1,164 votes for said office, and no other person received any votes for said office. The relator was declared by the canvassing board elected district attorney of said county. The county clerk of said county issued to said relator a certificate of election. The relator took, subscribed and filed with said county clerk his official oath of office as district attorney of said county, and thereafter demanded of the defendant, the possession of the papers and records of said office; but the defendant refused to accede to said de-

mand and is still holding said office and exercising the functions thereof, etc.

The complaint or petition sets forth, *inter alia,* the above-stated facts, and prays that this court will adjudge that the defendant is guilty of usurping and unlawfully holding said office, and that he be excluded therefrom, and that the relator be adjudged to be entitled to said office, etc. The defendant demurred to the complaint or petition, alleging that it does not state facts sufficient to constitute a cause of action. This court held in the case of the *State ex rel. Andrew L. Clark* v. *Harris,* handed down a few days ago, that Article II, Section 18 of the Constitution, relating to recall of officers is self-executing, and hence it is not necessary to discuss that question in this case. We find it necessary to pass upon but one question.

1. Article II, Section 18, of the Constitution, relating to recall of officers provides, *inter alia,* as follows:

"The recall petition shall be filed with the officer with whom a petition for nomination to such office should be filed, and the same officer shall order the special election when it is required."

It was incumbent on the petitioners for the recall of the defendant to file their petition therefor with the officer with whom a petition for nomination to the office of district attorney for Columbia County is required to be filed, and such officer is the only person or official that has power to call a special election for such recall.

Section 3364, L. O. L., relates to this matter and is as follows:

"All petitions for nomination under this act for offices to be filled by the state at large, or by any district consisting of more than one county, and nominating petitions for judges of Circuit Courts and for dis-

trict attorneys in districts consisting of a single county shall be filed in the office of the Secretary of State not less·than twenty days before the date of the primary nominating election, and for other offices to be voted for in only one county or district or city every such petition shall be filed with the county clerk, or city clerk, recorder, or auditor, as the case may be, not less than fifteen days before the date of the primary nominating election.''

It is clear, from the terms of the foregoing section that a petition for nomination for the office of district attorney of Columbia County is required to be filed with the Secretary of State, and that there is no authority for filing such a petition with the county clerk of said county. The requirement of Article II, Section 18 of the Constitution that ''the recall petition shall be filed with the officer with whom a petition for nomination to such office should be filed'' is express and mandatory, and a failure to comply with its provisions invalidates the recall proceedings. The petition for the recall of the defendant should have been filed with the Secretary of State, and the Secretary of State is the only officer authorized to call a special election for the recall of a district attorney under the existing law. The action of the county clerk in filing said petition and in calling said recall election for district attorney was without legal authority, and the election held for the recall of the defendant was unauthorized and invalid. The constitutional provision relating to recalls must be at least substantially complied with, or elections held under it will be invalid.

2. Section 2 of Chapter 199, page 388, of the Laws of 1913, amends Section 3340, L. O. L., and provides that all ''certificates of nomination'' for county offices and district or precinct offices within the county shall

73 Or.—2

be filed with the county clerk; but said Section 2 does not attempt to amend Section 3364, L. O. L. The last-named section provides with whom "petitions" for nominations shall be filed, while Section 3340, L. O. L., as amended by Section 2 of Chapter 199 of the Laws of 1913, relates only to "certificates" of nomination. "Petitions for nominations" and "certificates of nominations" are different instruments, and their functions are different. The Constitution requires petitions for recall to be filed with the officer with whom petitions for nomination are required to be filed, and this provision must be complied with, or the recall proceeding will be void.

The demurrer to the complaint or petition is sustained.          DEMURRER SUSTAINED.

MR. JUSTICE MOORE and MR. JUSTICE EAKIN took no part in the consideration of this case.