Argued January 5, affirmed January 27, 1971

STATE ex rel MULLICAN, *Appellant, v.*
PARSONS, *Respondent.*

479 P2d 734

*James H. Lewelling,* Newport, argued the cause and filed the brief for appellant.

*Charles L. Purvis,* Toledo, argued the cause for respondent. On the brief were Macpherson & Osterlund, Toledo.

TONGUE, J.

This is a quo warranto proceeding challenging the right of defendant to hold and exercise the functions of the office of municipal judge of the city of Toledo. A demurrer to plaintiff's complaint was sustained by the trial court. Plaintiff declined to plead further and appeals from the resulting judgment.

Plaintiff's complaint alleged that he was charged with an offense before the municipal court of the city of Toledo and that defendant was appointed to the office of municipal judge by the council of that city. Plaintiff contends that defendant, as a municipal judge, is a judge subject to requirements of the Oregon Constitution, Art VII (Amended), § 1, that "the judges of the supreme and other courts shall be elected by the legal voters of the state or of their respective districts * * *"; that defendant was appointed by the council of the city of Toledo, apparently pursuant to ORS 221.140, which provides that "the council of a city created under ORS 221.010 to 221.100 shall appoint a municipal judge," and that ORS 221.140 is unconstitutional and void as in conflict with the Oregon Constitution, Art VII (Amended), § 1.

The original Art VII, § 1, of the Oregon Constitution, provided:

"The Judicial power of the State shall be vested in a Suprume (sic) Court, Circuits (sic) Courts, and County Courts, which shall be Courts of Record having general jurisdiction, to be defined, limited and regulated by law in accordance with this Constitution. —Justices of the Peace may also be invested with limited Judicial powers, and *Municipal Courts may be created to administer the regulations of incorporated towns, and cities.—*" (Emphasis added)

Article VII (Amended), § 1, of the Oregon Constitution, adopted in 1910, provides as follows:

"The judicial power of the state shall be vested in one supreme court and in such other courts as may from time to time be created by law. *The judges of the supreme and other courts shall be elected by the legal voters of the state or of their respective districts* \* \* \*" (Emphasis added)

Article VII (Amended) also provided by § 2 that:

"The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law \* \* \*"

Oregon Constitution, Art XI, § 2 (the so-called Home Rule Amendment), adopted in 1906, provides:

"Corporations may be formed under general laws, but shall not be created by the Legislative Assembly by special laws. The Legislative Assembly shall not enact, amend or repeal any charter or act of incorporation for any municipality, city or town. *The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, subject to the Constitution and criminal laws of the State of Oregon,* \* \* \*" (Emphasis added)

ORS 221.140, adopted by the legislature in 1941, provides:

"*The council of a city* created under ORS 221.010 to 221.100 *shall appoint a municipal judge* and such other officers as it deems necessary for the proper government of the city, who shall be removable at the discretion of the council, receive such compensation as the council approves, and have such powers and duties as the council prescribes." (Emphasis added)

It is a cardinal rule of statutory construction

that, whenever reasonably subject to such an interpretation, constitutional provisions and statutory provisions shall be construed in such a manner as to harmonize them with each other and so as to sustain, rather than deny, the constitutionality of the statute in question. Cf. *Kankkonen v. Hendrickson et al*, 232 Or 49, 67, 374 P2d 393 (1962) ; *State v. Collis*, 243 Or 222, 231, 413 P2d 53 (1966).

After considering these constitutional provisions together, as we are required to do, it is our conclusion that the constitutional requirement of Art VII (Amended), § 1, that "the judges of the supreme and other courts shall be elected by the legal voters of the state *or of their respective districts*" was not intended to include judges of municipal courts of cities; and that the power granted by Art XI, § 2, to "the legal voters of every city and town * * * to enact and amend their municipal charter, subject to the Constitution * * *" includes power to provide by such a municipal charter that municipal judges shall be appointed by the city council.

For these same reasons, it is our conclusion that in providing that the council of a city created under ORS 221.010 to 221.100 shall appoint a municipal judge, ORS 221.140 is not in conflict with the provisions of Art VII (Amended), § 1.

*State ex rel Madden v. Crawford*, 207 Or 76, 295 P2d 174 (1956), relied on by plaintiff, is not to the contrary because that case involved the question whether a circuit judge could be appointed to sit temporarily as a member of the Supreme Court of Oregon and because Art VII (Amended), § 1, expressly provided that "the judges of the Supreme * * *

court(s) shall be elected by the legal voters of the state * * *"[1]

In this case plaintiff has alleged that defendant was appointed by the council of the city of Toledo "pursuant to" provisions of its charter. Also, since plaintiff's primary contention is that ORS 221.140 is unconstitutional plaintiff apparently concedes that the city of Toledo was a city created under ORS 221.010 to 221.100, which include the general laws for incorporation of cities.

Plaintiff makes the further contention that municipal courts in Oregon have the powers of justices of the peace and that "the acts giving these powers are part of the criminal laws of that state." It is neither necessary nor appropriate that the court pass upon that question in this case, however, since it is conceded by both parties that the offense charged against plaintiff was for violation of an ordinance of the city of Toledo, rather than for violation of a state law.

Affirmed.

---

[1] In 1958 a further amendment to Art VII was adopted, as § 2a, authorizing the appointment of "judges of courts inferior to the Supreme Court as temporary members of the Supreme Court." (S.J.R. No. 30, 1957, adopted by the people Nov. 4, 1958.)