On petition for writ in the nature of *quo warranto* dated March 25, petition denied September 5, 2003

STATE OF OREGON,
ex rel LINCOLN LOAN COMPANY,
*Petitioner,*

*v.*

COURT OF APPEALS
OF THE STATE OF OREGON,
and Mary J. Deits, Chief Judge,
Walter I. Edmonds, Jack L. Landau,
Rick T. Haselton, Rex Armstrong,
Virginia L. Linder, Robert Wollheim,
Rives Kistler, David V. Brewer,
and David Schuman, Judges,
*Respondents.*

(SC S50310)

76 P3d 109

Steven E. Benson, Portland, filed the petition for petitioner.

No appearance *contra*.

Before Carson, Chief Justice, and Gillette, Durham, and Riggs, Justices.*

\* De Muniz, Balmer, and Kistler, JJ., did not participate in the consideration or decision of this case.

GILLETTE, J.

**GILLETTE, J.**

This is an original proceeding purporting to invoke this court's discretionary jurisdiction in *quo warranto*. Petitioner Lincoln Loan seeks an order of this court directing the Court of Appeals to dismiss a certain appeal now pending before it on the ground that the Legislative Assembly did not have the authority to create that court. For the reasons that follow, we decline to issue a writ of *quo warranto*.

The underlying facts are straightforward. On February 28, 2002, the Multnomah County Circuit Court awarded Lincoln Loan a judgment in the case of *Carey v. Lincoln Loan Co.*, Case No. 9706-04753. On March 22, 2002—within the time provided by law—the plaintiffs in that case filed a notice of appeal (designated CA A117696) in the Court of Appeals. It is the authority of the Court of Appeals to hear and decide that case that is at the heart of this proceeding.

On November 5, 2002, Lincoln Loan moved the Court of Appeals to dismiss the appeal in the *Carey* case on the ground that the Court of Appeals "has no appellate jurisdiction or judicial power" to grant to the plaintiffs any relief from the circuit court judgment. The Court of Appeals denied the motion on February 27, 2003.

Lincoln Loan then brought the present proceeding "in the nature of *Quo Warranto*" on March 25, 2003, asking this court to intervene. Lincoln Loan's underlying theory is as follows: (1) The Court of Appeals was created in 1969 by an act (now embodied in ORS 2.510 and 2.516) of the Legislative Assembly and presently has statutory jurisdiction over most appeals, including the appeal in the *Carey* case; (2) the Legislative Assembly enacted the statutes in question pursuant to authority specifically granted to it by Article VII (Amended), section 1, of the Oregon Constitution;[1] (3) Article VII (Amended) was not adopted in compliance with three different requirements of the Oregon Constitution in place at

---

[1] That provision of the Oregon Constitution provides, in part:

"The judicial power of the state shall be vested in one supreme court and in such other courts as may from time to time be created by law.* * *"

the time of its adoption, *viz.*, the "canvas-and-proclaim" requirement, the "separate-vote" requirement, and the "full-text" requirement; (4) as a result of the failure of the people to adopt Article VII (Amended) in accordance with constitutional requirements, Article VII (Original), which the people adopted at statehood, remains in effect; (5) under Article VII (Original), the Legislative Assembly never was granted the power to create any state court other than the Supreme Court, the circuit courts, and county courts; and (6) the Court of Appeals therefore is usurping the judicial power by purporting to exercise a part of that power—the power to review decisions of the circuit court—that is reserved to the Supreme Court under Article VII (Original).

This court did not take any immediate action respecting Lincoln Loan's petition, because we believed that our disposition of the case of *State ex rel McIntire v. Balmer*, which this court has had before it on certification from the Court of Appeals and which involves, *inter alia*, the same assertions concerning the alleged invalidity of Article VII (Amended), would assist in the disposition of the present matter. However, we now have concluded that, for reasons not touching on the merits of Lincoln Loan's theory, the claims of the plaintiffs in *McIntire* are moot. *See State ex rel McIntire v. Balmer*, 336 Or 1, 75 P3d 894 (2003) (so holding). It follows that Lincoln Loan's petition for a writ in the nature of *quo warranto* should be addressed independently, and we do so now.

There are two notable peculiarities attendant to this case. The first is that Lincoln Loan does not dispute the idea that the judgment in its favor in the *Carey* case is (or, at least, would have been) appealable *somewhere*; indeed, Lincoln Loan's own theory necessarily would mean that the appeal belongs in this court, rather than in the Court of Appeals. Lincoln Loan does not spell out the consequences for the appeal if its underlying theory is sustained, but we surmise that it then would move to dismiss the appeal altogether on the ground that it had not been taken directly and specifically to this court in a timely manner.

The second peculiarity lies in paragraph 1 of Lincoln Loan's petition. That paragraph states: "The Supreme Court may take original jurisdiction in quo warranto proceedings pursuant to Article VII (Amended), section 2, of the Oregon Constitution."[2] The anomaly created by that assertion should be plain to all: If, as Lincoln Loan asserts, Article VII (Amended) never was adopted properly and is void, then it would appear to be impossible for this court to exercise any authority purportedly granted to this court under that amended provision. And that point is important because, unlike the amended article, the original Article VII did not grant to this court original jurisdiction to issue writs of habeas corpus, mandamus, or *quo warranto*. *O'Brien v. O'Brien*, 36 Or 92, 94-95, 57 P 374 (1899).

That last point demonstrates why, at this juncture, we decline to exercise our discretion to assert our extraordinary *quo warranto* authority in this case. To do so would involve this court in a circular discussion: Lincoln Loan has invoked this court's original, discretionary authority in *quo warranto*. This court has that authority only by virtue of the explicit grant of such authority in Article VII (Amended), section 2, of the Oregon Constitution. But Lincoln Loan's underlying legal theory—the basis on which it seeks relief from the jurisdiction of the Court of Appeals—is that Article VII (Amended) is not valid. And, if that amended article is not valid, by what authority could this court grant Lincoln Loan the relief that it seeks? We do not suggest that a court may not assess its own jurisdiction at any time; of course it may. But we perceive no pressing reason to exercise our discretion to do so, especially where it is difficult to see how our assessment would directly benefit the petitioner.

Another consideration also militates against our utilizing our discretionary authority here. If we decline to issue the writ, then the underlying appeal in the *Carey* case

---

[2] Article VII (Amended), section 2, of the Oregon Constitution provides:

"The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law. But the supreme court may, in its own discretion, take original jurisdiction in mandamus, quo warranto and habeas corpus proceedings."

can proceed. And, when it does, Lincoln Loan may prevail. In that event, Lincoln Loan will have no need to pursue its present legal theory further.

The petition for writ in the nature of *quo warranto* is denied.[3]

---

[3] Our denial of the petition on discretionary grounds makes it unnecessary for this court to address other potential barriers to Lincoln Loan's theory, including the statutory requirement in the *quo warranto* statutes, ORS 30.510 to 30.640, of district attorney participation in *quo warranto* proceedings, as well as the possibility that this proceeding would be time barred.