Submitted on record and briefs January 7, affirmed March 16, 2005

## Lon Thurston MABON,
*Appellant,*

*v.*

## Janice R. WILSON,
*Respondent.*

0212-12568; A121483

108 P3d 598

Lon Thurston Mabon filed the briefs *pro se*.

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiff appeals from a judgment that dismissed an action that challenged the authority of defendant to hold the office of Multnomah County Circuit Judge. He based his challenge on the contention that defendant had failed to subscribe to the correct oath of office and therefore was not qualified to hold the office. We affirm.

Plaintiff filed his action under ORS 30.510, which, among other things, provides a mechanism for challenging a person's right to public office. The thrust of plaintiff's argument is that defendant did not subscribe and file, word-for-word and comma-for-comma, the oath of office set forth in Article VII (Original), section 21, of the Oregon Constitution.[1] Defendant filed a motion to dismiss for failure to state ultimate facts sufficient to constitute a claim, arguing that the

---

[1] Article VII (Original), section 21, provides:

"Every judge of the Supreme Court before entering upon the duties of his office shall take, subscribe, and transmit to the Secretary of State the following oath.—

"I _____ do solemnly swear (or affirm) that I will support the Constitution of the United States, and the constitution of the State of Oregon, and that I will faithfully, and impartially discharge the duties of a Judge of the Supreme, and Circuits Courts of said State according to the best of my ability, and that I will not accept any other office, except Judicial offices during the term for which I have been elected. —"

The oath subscribed by defendant states:

"I, Janice R. Wilson, do solemnly swear (or affirm) that I will support the constitution of the United States, and the constitution of the State of Oregon, and that I will faithfully and impartially discharge the duties of a Judge of the Circuit Court of this State, according to the best of my ability, and that I will not accept any other office, except judicial offices, during the term for which I have been elected."

Plaintiff complains that defendant "did not take the required, qualified, original, identical, exact, true, correct, certain, and complete Oath as required by the Oregon Constitution, Article VII, (Original) [*sic*] section 21, and continues as a bias [*sic*], prejudiced, usurper and intruder." Specifically, plaintiff points to the difference between the constitutional language "said State according" and the language used in defendant's oath, "this state, according." Hence, plaintiff makes a strict textualist argument. The most interesting question presented by such an argument is whether defendant was required to take the oath set forth in Article VII (Original), section 21, at all. A strict textual interpretation of that provision would require only "judges of the Supreme Court" to take the oath, and defendant is a circuit court judge and not a Supreme Court judge. Plaintiff's textual argument would seem to leave him hoisted by his own petard. However, we need not address that question in light of our resolution of this case.

oath that she had subscribed satisfied all legal requirements. The trial court agreed and granted defendant's motion to dismiss.

Plaintiff timely filed a notice of appeal and, on September 24, 2003, filed his opening brief, asserting seven assignments of error. On October 24, 2003, defendant filed a motion to dismiss the appeal, arguing that we lacked jurisdiction to hear it because actions under ORS 30.510 must be commenced by the district attorney, and this action had not been. In April 2004, plaintiff requested a stay of the appeal while he sought to involve the Multnomah County District Attorney in the case. We denied that request and granted defendant's motion to dismiss the appeal on July 22, 2004. On August 5, 2004, plaintiff moved for reconsideration of our order dismissing the appeal, arguing that he had asked the district attorney to participate in the case and the district attorney had refused. On September 7, 2004, we denied the motion for reconsideration but, on our own motion, vacated our July 22, 2004, order insofar as it had dismissed the appeal. We did so because we have jurisdiction of appeals from judgments entered in the trial court, and that jurisdiction includes the resolution of disputes over the subject matter jurisdiction of the trial court. Thus, we denied defendant's motion to dismiss the appeal and reinstated plaintiff's appeal. The threshold—and ultimately dispositive—question is whether a private party may bring an action under ORS 30.510 without the involvement of the district attorney.[2] For the reasons discussed below, we hold that (1) an action under ORS 30.510 to 30.640 must be commenced and prosecuted by the district attorney for the district in which the action is triable, and (2) that requirement is jurisdictional. That is, unless the action is commenced and prosecuted by the district attorney, a trial court lacks subject matter jurisdiction of the action.

■■    First and foremost, this is a case of statutory construction. Thus, we turn to the well-worn template of *PGE v.*

---

[2] The existence of that issue has been acknowledged twice by the Supreme Court and once by us in recent cases. *See State ex rel Lincoln Loan Co. v. Court of Appeals*, 336 Or 9, 14 n 3, 76 P3d 109 (2003); *State ex rel McIntire v. Balmer*, 336 Or 1, 5 n 5, 75 P3d 894 (2003); *State ex rel Poddar v. Lee*, 196 Or App 34, 38 n 4, 100 P3d 747 (2004), *rev pending* (2005). None of those cases resolved the issue.

*Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), which describes the manner in which we are to determine the legislature's intent in enacting ORS 30.510 to 30.640. First, we consider the statute's text and context. *Id.* at 610. If that analysis reveals the statute's intended meaning, then our task is complete. Only if we conclude that the statute is ambiguous do we turn to legislative history and general maxims of statutory construction. *Id.* at 611-12.

Because the statutes at issue here have such a long history, their genesis is pertinent to our analysis. *See Goodyear Tire & Rubber Co. v. Tualatin Tire & Auto*, 322 Or 406, 415, 908 P2d 300 (1995), *modified on recons*, 325 Or 46, 932 P2d 1141 (1997) (beginning *PGE* analysis with a discussion of historical background). At common law, the method by which the crown would displace usurpers of an office in violation of the king's right was by the writ of *quo warranto*. Such actions were brought by the attorney general or the master of the crown office. *See State v. Douglas County Road Co.*, 10 Or 198, 200 (1882). By statute in Oregon, the writ of *quo warranto* has been abolished. ORS 34.810. In its stead, the legislature created four distinct actions, now codified at ORS 30.510, ORS 30.570, ORS 30.580, and ORS 30.600. ORS 30.510 provides for an action to oust a person from public office or to challenge the lawfulness of an association's incorporation. ORS 30.570 provides for an action to annul a corporation at the direction of the Governor; ORS 30.580 provides for a similar action on leave of the court. ORS 30.600 provides for an action to annul letters patent.

■   Plaintiff brings this action under ORS 30.510, which provides, in part:

"An action at law may be maintained in the name of the state, upon the information of the district attorney, or upon the relation of a private party against the person offending, in the following cases:

"(1)   When any person usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise within this state, or any office in a corporation either public or private, created or formed by or under the authority of this state[.]"

Several other statutes provide relevant context. As noted, ORS 30.570, ORS 30.580, and ORS 30.600 provide for actions to annul corporate existence and letters patent issued by the state. All of the actions described above are governed by ORS 30.610, which provides:

> "The actions provided for in ORS 30.510 to 30.640 shall be commenced and prosecuted by the district attorney of the district where the same are triable. When the action is upon the relation of a private party, as allowed in ORS 30.510, the pleadings on behalf of the state shall be signed by the relator as if the relator were the plaintiff, or otherwise as provided in ORCP 17; in all other cases the pleadings shall be signed by the district attorney in like manner or otherwise as provided in ORCP 17. When an action can only be commenced by leave, as provided in ORS 30.580, the leave shall be granted when it appears by affidavit that the acts or omissions specified in that section have been done or suffered by the corporation. When an action is commenced on the information of a private person, as allowed in ORS 30.510, having an interest in the question, such person, for all the purposes of the action, and as to the effect of any judgment that may be given therein, shall be deemed a coplaintiff with the state."

Finally, ORS 30.620 provides:

> "When directed by the Governor, as prescribed in ORS 30.570, it shall be the duty of the district attorney to commence the action therein provided for accordingly. In all other actions provided for in ORS 30.510 to 30.640 it shall be the duty of the proper district attorney to commence such action, upon leave given where leave is required, in every case of public interest, whenever the district attorney has reason to believe that a cause of action exists and can be proven, and also for like reasons in every case of private interest only in which satisfactory security is given to the state to indemnify it against the costs and expenses that may be incurred thereby."

Taken in isolation, the text of ORS 30.510 would appear to allow actions to be brought under it without the involvement of the district attorney. The language of the introductory sentence seems to be disjunctive: "An action at law may be maintained in the name of the state, upon the information of the district attorney, *or* upon the relation of a

private party * * *." ORS 30.510(1) (emphasis added). Thus, at first blush, it seems that ORS 30.510 plausibly could be interpreted to allow a private party to bring an action without the participation of the district attorney.

However, at the first level of statutory analysis, we are not concerned solely with the text of the particular statute. We must also consider the statute in context. Here, relevant context is provided by other related statutes, prior judicial construction of the same or similar language, and prior enacted versions of the same statute. *See State v. Carr*, 319 Or 408, 411-12, 877 P2d 1192 (1994) ("Context includes other related statutes."); *State v. King*, 316 Or 437, 445, 852 P2d 190 (1993) ("When [the Supreme Court] interprets a statute, the interpretation becomes a part of the statute, subject only to a revision by the legislature."); *State v. Webb*, 324 Or 380, 390, 927 P2d 79 (1996) ("Prior enacted legislative changes are part of a statute's context.").

ORS 30.610, quoted in full above, is a related statute that we must consider. The first sentence provides that "[t]he actions provided for in ORS 30.510 to 30.640 *shall be commenced and prosecuted by the district attorney* of the district where the same are triable." ORS 30.610 (emphasis added). The plain meaning of that statute is that actions under ORS 30.510 must be commenced and prosecuted by a district attorney. "Shall," of course, is mandatory language. That is, if an action under ORS 30.510 is to be commenced, it must be commenced by the district attorney.

ORS 30.620 also provides context for ORS 30.510. It provides, in part:

> "In all other actions [besides that set forth in ORS 30.570] provided for in ORS 30.510 to 30.640 it shall be the duty of the proper district attorney to commence such action, upon leave given where leave is required, in every case of public interest, whenever the district attorney has reason to believe that a cause of action exists and can be proven, and also for like reasons in every case of private interest only in which satisfactory security is given to the state to indemnify it against the costs and expenses that may be incurred thereby."

ORS 30.620. In short, that statute further emphasizes the role of the district attorney in commencing an action under ORS 30.510.[3] That is, even if the case involves only a private interest, the district attorney is the proper party to commence the action.

At this stage of our contextual analysis, it seems plain that actions under ORS 30.510 must be commenced and prosecuted by the district attorney. However, we are not analyzing this case in a vacuum devoid of case law. As noted, prior judicial construction of a statute is an important part of its context, for such a construction by the Supreme Court becomes a part of the statute as if it were written therein. So we turn to the case law.

To put it bluntly, we are faced with over 140 years of muddled case law. We will discuss the details of the most important cases later in the opinion, but we begin with an overview of the patterns in the case law. With two anomalies, the cases fit into four categories.[4] The first category consists

---

[3] The scope of the district attorney's duties under ORS 30.620 is an interesting question. In *Everding v. McGinn*, 23 Or 15, 19, 35 P 178 (1889), the court held that the district attorney could not be compelled to bring a statutory action to try the title to the office of Portland Police Commissioner, because the decision whether to file such an action is discretionary. However, *Everding* does not discuss the predecessor of ORS 30.620 that was in effect at that time, section 360 of chapter IV, title V, of The Codes and General Laws of Oregon (Hill 1887) (Hill's Annotated Laws). Instead, *Everding* notes that Oregon copied the predecessor of ORS 30.510, Hill's Annotated Laws § 357, "almost literally from the revised statutes of the state of New York" and adopts the reasoning of a New York case on the same question, *People ex rel Peabody v. Attorney General*, 22 Barb 114 (NY Sup Ct 1856). The soundness of that reliance may be questionable. The New York revised statutes cited in *People ex rel Peabody* did not include a provision that corresponds to ORS 30.620. Therefore, the Oregon Supreme Court may have overlooked the import of the predecessor of ORS 30.620. Furthermore, the New York opinion itself may be questionable to the extent that it may have overlooked language in the Field Code of Civil Procedure, published in 1850, that was not in the revised statutes cited by the court. The Field Code provided that "it is the duty of the attorney general to bring the action, whenever he has reason to believe that any of these acts can be proved, or when he is directed to do so, by a judge of the supreme court." The Code of Civil Procedure of the State of New York, title XI, ch IX, § 1048 (Field et al 1850). That language would indicate that the act of bringing an action under these statutes may be less discretionary than held by the New York court. Further complicating the issue is *State ex rel. Nagglund v. School District No. 9*, 148 Or 273, 280, 31 P2d 751 (1934), where the court stated, "[A]lthough the statute makes the district attorney the sole judge of whether the action shall be commenced, it intended to confer no power upon him to arbitrarily refuse to bring an action in a proper case * * *." We need not resolve the issue to resolve this case.

[4] The first anomaly is a case in which the relator and the defendant were contesting the title to the office of district attorney. *State v. Dillard*, 73 Or 13, 144

of cases where the district attorney commenced and prosecuted the case.[5] Our research revealed 45 of those cases. The second category consists of cases where the court acknowledged that the district attorney's absence might be problematic but decided the case on other grounds. We found three such cases. The third category consists of cases in which there is no evidence that the district attorney commenced and prosecuted the action, and the court was silent as to whether the district attorney was essential. We found 10 of those cases.[6] Finally, the fourth category consists of cases in

---

P 127 (1914). A recall election had been held in which the defendant was recalled and the relator elected in his stead. The relator took the oath of office, but the defendant refused to give up the office. The relator then brought an original *quo warranto* proceeding in the Supreme Court to oust the defendant from the office. The court held that the defendant was the rightful district attorney because the petition that brought about the recall election had been filed in the wrong office. *Id.* at 17-18. As we discuss later in the opinion, original *quo warranto* proceedings in the Supreme Court may not be subject to the statutory requirement of district attorney participation. Even if an original *quo warranto* proceeding in the Supreme Court must be commenced by the district attorney, *Dillard* is one of those rare instances in which the court could not have determined whether it had jurisdiction of the case without resolving the case on its merits. That is, it could not decide whether the district attorney had commenced and prosecuted the action without resolving who was the lawfully elected district attorney.

The second anomaly is a case in which the action, a proceeding to try the rights of the defendants to hold office in a private corporation, was dismissed on the motion of the Attorney General. *State ex rel. Sealy v. Stolz*, 27 Or 603, 44 P 1090 (1895). The implication is that the action was commenced by the Attorney General as well. However, as discussed later in the opinion, in *In re State v. Millis*, 61 Or 245, 119 P 763 (1912), the Supreme Court held that the Attorney General could not commence such an action. Thus, *Stolz*, too, is an outlier.

[5] One of those cases was *State ex rel. v. School District No. 9*, 148 Or 273, 31 P2d 751 (1934). That case is notable in that, although the case was commenced in the trial court by the district attorney, the district attorney attempted to have the case dismissed. The trial court refused to dismiss the case at the district attorney's behest but ultimately ruled against the relators. The relators appealed, but the district attorney refused to sign the notice of appeal. The defendants moved to dismiss the appeal because the district attorney had refused to participate in it. The court denied that motion, holding that, under the predecessor of ORS 30.510, once the district attorney has commenced an action to try the title to a public office, if there is a private relator, the district attorney may not "arbitrarily or capriciously prevent the parties from having their rights adjudicated." *Id.* at 280. The court distinguished an action to oust a party from a public office, where there are often associated private interests involved, from an action to annul a corporation or letters patent, where the interest is purely public. In the latter two actions, the district attorney must participate in all stages of the action. *See Douglas County Road Co.*, 10 Or at 201-02 (holding that appeal of action to annul private corporation could not proceed without participation by the district attorney because such an action is "a distinctly state action").

[6] Strictly speaking, we found 12 reported decisions in this category, but two of those were Court of Appeals decisions that were reviewed by the Supreme Court. *State ex rel Eckles v. Livermore*, 72 Or App 650, 696 P2d 1153 (1985), *aff'd sub nom*

which the district attorney did not commence the action and the court dismissed the case on that ground. We found two of those cases.

The apparent conflict between the third and fourth categories of cases initially gives us pause about whether it is plain that the statutes require the district attorney to commence and prosecute actions under ORS 30.510. Half of the cases in which there was no evidence of participation by the district attorney and the court said nothing about that absence were decided between 1971 and 2000.[7] Between 1917 and 1970, a span of 53 years, every reported action under ORS 30.510 was commenced or prosecuted by the district attorney. If that were the end of the demarcation, it would be easy to explain: The modern court simply forgot the rule. However, the cases between 1861 and 1916 are quite mixed.

In 1901, and again in 1912, as we will discuss in more detail below, the Supreme Court held that the district attorney must commence or prosecute actions under the predecessors of ORS 30.510. However, in 1861, 1880, 1911, 1914, and 1916, the Supreme Court decided actions in which there is no evidence in the reported decision that the district attorney had participated in any way. In those cases, the court was silent on the matter. Thus, while in 1901 and 1912 the court appeared to require participation by the district attorney, before, between, and after those dates, the court nonetheless decided cases in which the district attorney may not have participated.

The two pre-1901 cases can be explained: At that point, the court had not yet explicitly addressed whether the action must be commenced by the district attorney.[8] In fact,

---

*State ex rel Eckles v. Woolley*, 302 Or 37, 726 P2d 918 (1986); *State ex rel Kirsch v. Curnutt*, 113 Or App 539, 833 P2d 331 (1992), *rev'd*, 317 Or 92, 853 P2d 1312 (1993). For classification purposes, we disregarded the intermediate appeals of those two cases.

[7] In chronological order, those five cases are *State ex rel Mullican v. Parsons*, 257 Or 468, 479 P2d 734 (1971); *State ex rel Oregon Consumer League v. Zielinski*, 60 Or App 654, 654 P2d 1161 (1982), *rev den*, 294 Or 682 (1983); *State ex rel Eckles v. Woolley*, 302 Or 37, 726 P2d 918 (1986); *State ex rel Kirsh v. Curnutt*, 317 Or 92, 853 P2d 1312 (1993); *State ex rel Adams v. Powell*, 171 Or App 81, 15 P3d 54 (2000), *rev dismissed*, 334 Or 693 (2002).

[8] *State of Oregon v. McKinnon*, 8 Or 493 (1880) (action to oust city trustee of Oakland, Oregon); *Ruckles v. State*, 1 Or 347 (1861) (action to oust sheriff of Douglas County).

the court essentially acknowledged in 1896 in *State ex rel. v. Stevens*, 29 Or 464, 472, 44 P 898 (1896), that it had not addressed the issue. There, the relator sought to oust the defendant from the office of Union County school superintendent on the ground that, as a female, she was not qualified for the office. The defendant demurred, arguing, among other things, that "the complaint is insufficient because it does not allege that the action was instituted by the district attorney in his official capacity." *Id.* However, the complaint was signed by the district attorney in his official capacity, and the court held that to be "sufficient to comply with the provisions of [the statute] *if, indeed, the action could not be maintained under the statute in the name of the state by a private relator without the consent of the district attorney.*" *Id.* (emphasis added). We read the emphasized text to mean that the Supreme Court as late as 1896 had not decided whether actions under ORS 30.510 and its predecessors must be commenced and prosecuted by the district attorney.

But in 1901 the Supreme Court decided that open question. In *State ex rel. v. Cook*, 39 Or 377, 65 P 89 (1901), the relator brought an action under the predecessor of ORS 30.510, seeking to determine the title to the office of Morrow County Road Supervisor as between himself and the defendant. The defendant challenged the complaint on the ground that it had not been signed by the district attorney. After the complaint was filed, but before the hearing on the defendant's demurrer, the district attorney "had his appearance noted upon the journal, showing not only that the prosecution was being carried on with his express assent and approval, but that the case had been so commenced." *Id.* at 378. That did not satisfy the court. Interpreting the predecessors to ORS 30.510, ORS 30.530, and ORS 30.610—found in sections 357, 361, and 359, respectively, of chapter IV, title V, of The Codes and General Laws of Oregon (Hill 1887)—the court stated:

> "The legislative intendment, as gathered from these sections of the statute, would seem to be that, whether the purpose of the action be to oust the intruder only, or to go further, and to instate the person entitled to the office, the action should be brought in the name of the state, either

upon the information of the prosecuting attorney of the district where it is triable, or on the relation of a private party. *In either case, it is made the duty of the prosecuting attorney to commence and prosecute the action.* * * * To 'commence and prosecute' has a larger significance, therefore, than merely to give assent to the bringing of an action by a private party who may become associated with the state in the prosecution of the intruder. The prosecuting attorney himself must set it in motion, and be responsible for its conduct and prosecution; and in doing this he could not do less than to sign the complaint in his official capacity, which has been held sufficient where the action is instituted in the name of the state upon the relation of a private party * * *. But unless there is some showing, either by appropriate allegations or by the official signature, indicating that the action has been commenced and is being prosecuted by the state officer, the complaint can not be held sufficient. Whether, in any case, the action may be prosecuted by the relator without the instrumentality of the state's attorney, is a question with which we are not concerned at this time."

*Id.* at 381-82 (citation omitted). Thus, the court gave to the predecessor of ORS 30.610 its plain meaning and held that an action under the predecessor of ORS 30.510 must be commenced and prosecuted by the district attorney. The final sentence of the excerpt simply emphasizes that the court was leaving open the question of the degree of the district attorney's involvement once the case has been commenced.

Despite the apparently clear statement of the law in *Cook*, in 1911 the Supreme Court nonetheless addressed the merits of a *quo warranto* action in a case in which there is no evidence in the opinion or the briefs of district attorney participation. In *State ex rel. v. Swigert*, 59 Or 132, 116 P 440 (1911), the relators filed an original proceeding in the Supreme Court seeking to oust the commissioners of the Port of Portland from their offices. At issue was the constitutionality of a statute that purported to vest in the Governor the authority to appoint commissioners to ports in cities with populations of more than 100,000 people. The court held that the statute was a special law targeting only Portland, because Portland was the only port in the state with a qualifying population, and that, as a special law, it was unconstitutional under a provision of the Oregon Constitution that

prohibits the legislature from amending port charters by special law. *Id*. at 137-38.

It is quite possible that *Swigert* can be distinguished from *Cook* because *Swigert* was an original proceeding in the Supreme Court under Article VII (Amended), section 2, of the Oregon Constitution. Under that provision, the Supreme Court "may, in its own discretion, take original jurisdiction in mandamus, *quo warranto* and *habeas corpus* proceedings." In *Swigert*, the court described the action as "in the nature of *quo warranto*." *Id*. at 132. Although the predecessor of ORS 34.810—codified in 1911 at Lord's Oregon Laws, title V, chapter V, section 363 (1910)—abolished actions in the nature of *quo warranto* and replaced them with the statutory action, the court in *Swigert* may have understood the constitutional grant of original jurisdiction over *quo warranto* proceedings to reinvigorate the common-law doctrine notwithstanding the statutes. Hence, the constitutional grant of original Supreme Court jurisdiction may explain the apparent inconsistency between *Swigert* and *Cook*. But most importantly, *Swigert* did not expressly overrule the holding in *Cook* that a district attorney must commence and prosecute the statutory equivalent of *quo warranto* actions.

Furthermore, any erosion caused by *Swigert* to the rule in *Cook* was repaired by *In re State v. Millis*, 61 Or 245, 119 P 763 (1912). *Millis* was an action in which the relators sought to oust and replace the directors of the Coos Bay, Roseburg & Eastern Railroad & Navigation Company. The case was prosecuted on behalf of the state by the Attorney General. The defendants demurred to the complaint, arguing, among other things, that the district attorney had not commenced and prosecuted the action. The trial court sustained the demurrer and the relators appealed.

On appeal, the Supreme Court held that, because the statute required actions to be "commenced" by district attorneys, and because the statute setting forth the duties of the Attorney General did not empower him to "commence" actions in which the state is a party or interested, the Attorney General was not empowered to commence actions under the statute. Thus, for the second time the Supreme Court held that the language of the predecessor of ORS 30.610 meant

what it said—that actions like those created by ORS 30.510 must be commenced and prosecuted by the district attorney.

But just two years later, and again in an original proceeding, the Supreme Court heard "an action in the nature of *quo warranto*" in which there is no evidence in the opinion of participation by the district attorney.[9] *State v. Harris*, 74 Or 573, 144 P 109 (1914). In *Harris*, the relator was the victorious candidate in an election to recall the defendant from the office of county judge for Columbia County. The question was whether the provision of the Oregon Constitution relating to recall elections was self-executing. The Supreme Court held that it was, without addressing the statutes that bear on actions challenging the authority of a person to hold a public office. Again, the question arises whether the court believed the statutes to be inapplicable in an original proceeding or whether the issue simply was not raised. It could also be that the district attorney did commence and prosecute the case, but that that fact was not reported in the decision. Like *Swigert*, all that is certain from *Harris* is that the court did not expressly overrule *Cook* or *Millis*.

Two years later, the Supreme Court again heard an action in which there is no evidence in the opinion or the briefs of participation by the district attorney. In *State v. Evans*, 82 Or 46, 160 P 140 (1916), a school district in Multnomah County brought an action to challenge the defendants' action in unifying the relator district with Union High School District No. 1. *Evans* was not an original proceeding. The trial court held that the unification was defective, and the Supreme Court affirmed. The Supreme Court never mentioned the apparent absence of the district attorney. Even more puzzling, it cited *Cook* and *Millis*, albeit for the proposition that the writ of *quo warranto* and the information in the nature of *quo warranto* had been replaced by a statutory scheme. *Id.* at 53. Perhaps the district attorney properly commenced and prosecuted the action in *Evans* and neither the Supreme Court nor the parties commented on it; perhaps not. Again, all that is clear is that *Cook* and *Millis* were not expressly overruled.

---

[9] The records of the State of Oregon Law Library indicate that no briefs from the case are available. The records do not specify whether briefs were filed.

In sum, having reviewed the prior judicial constructions of ORS 30.510 and ORS 30.610 and their predecessors, we are persuaded that the rule of *Cook* and *Millis* survives, notwithstanding the occasional case that appears to lack the involvement of the district attorney. In those cases, no matter the reason the court in fact heard the case, the court never overruled *Cook* and *Millis*.

Our contextual analysis now turns to a review of the prior-enacted versions of the same statute. That review further supports our conclusion that the statutory actions must be commenced and prosecuted by the district attorney.

Oregon borrowed its statutory substitute for the writ of *quo warranto* from New York. *Everding v. McGinn*, 23 Or 15, 17, 35 P 178 (1889). New York codified its statutory action in chapter IX of title XI of the Field Code of Civil Procedure. Chapter IX set forth the same four causes of action that are provided for in ORS 30.510, ORS 30.570, ORS 30.580, and ORS 30.600. For our purposes, section 1048 of the Field Code is the most relevant. It provides:

> "An action may be brought *by the attorney general* in the name of the people of this state, upon his own information, or upon the complaint of a private party, against the party offending in the following cases:
>
> "1.   When any person usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise within this state, or any office in a corporation created by the authority of this state[.]"

The Code of Civil Procedure of the State of New York, title XI, ch IX, § 1048 (Field et al 1850) (emphasis added).

That language mirrors the language found in the Oregon version of the statute, enacted by the territorial legislature in 1853 and codified in the Oregon Statutes of 1855. The territorial law provided, in part:

> "An action may be brought by the *prosecuting attorney* of the district, in the name of the territory, upon his own information, or upon the complaint of a private party against the party offending, in the following cases:

"1. When any person shall usurp, intrude into, or unlawfully hold or exercise any public office, civil or military, or any franchise within this territory, or any office in a corporation created by the authority of this territory[.]"[10]

An Act Regulating Proceedings to Vacate Charters and Letters Patent, and to Prevent the Usurpation of an Office or Franchise, ch I, § 5 (1854), in *The Statutes of Oregon Enacted and Continued in Force by the Legislative Assembly* 160 (1855) (emphasis added). In fact, the four sections of the territorial statute that created the four actions now codified at ORS 30.510, ORS 30.570, ORS 30.580, and ORS 30.600 each separately required that the action be "brought by the prosecuting attorney of the district, in the name of the territory."

Thus, both the Field Code and the territorial law first identified *who* may bring an action to try title to public office and then specified the *manner* in which he could do so—*i.e.*, upon either his own information or the complaint of a private party. The early statutes unquestionably required a state officer to bring the action even if it was "upon the complaint of a private party."

The current version of ORS 30.510 provides, "An action at law may be maintained in the name of the state, upon the information of the district attorney, or upon the relation of a private party * * *." As discussed above, at first blush the text of ORS 30.510 could lead one to conclude that the statute is disjunctive as to *who* may bring the action, *i.e.*, either the district attorney or a private party. However, the Field Code and the territorial statute make it clear that the remaining disjunction in ORS 30.510 speaks to the *manner* in which the action may be brought. ORS 30.510 no longer addresses *who* must bring the action. Instead, ORS 30.610— which finds its genesis in the Deady Code of Civil Procedure of 1862—now answers that question.

---

[10] The territorial law required the prosecuting attorney to bring the action, rather than the Attorney General, because, at the time the statute was enacted, the Oregon Territory had no Attorney General. In fact, Oregon did not have an Attorney General until the legislature established the office in 1891. *Millis*, 61 Or at 249.

The Deady Code deleted the four separate references to the prosecuting attorney in the territorial statute and compiled them in section 356 of the Deady Code—the predecessor of ORS 30.610 and a statute found in neither the Field Code nor the territorial law. Section 356 provided, in part, that "[t]he actions provided for in this title, shall be commenced and prosecuted by the prosecuting attorney of the district where the same are triable." General Laws of Oregon, Civ Code, ch IV, title V, § 356, p 238 (Deady 1845-1864). That is not a change in the substantive requirement of the law, only in its codification. The Deady Code retained the requirement that the prosecuting attorney must commence actions to try title to public office, even if brought upon the complaint of a private party. It simply codified the requirement in a separate and distinct statutory provision.

The version of the statute adopted by the Deady Code is, without substantive change, the same version codified today in the Oregon Revised Statutes. The legislature has made minor linguistic changes over the years. In 1953, when the Oregon Revised Statutes were adopted, the outdated reference to the "prosecuting attorney" was replaced with the modern "district attorney." Further, in 1979 the legislature made the language of ORS 30.610 gender neutral and modernized the procedural aspects of the statute. Or Laws 1979, ch 284, § 66. But none of the changes affects the requirement that the district attorney commence and prosecute all actions that are brought under ORS 30.510.

Nothing in our survey of the prior-enacted versions of the Oregon statutes raises doubt about our initial conclusion that actions under ORS 30.510 must be commenced and prosecuted by the district attorney. Thus, having completed our contextual review of the statutes, we remain convinced that a private party may not bring an action under the statute unless the action is commenced and prosecuted by the district attorney, as required by ORS 30.610. Having concluded that the applicable statutes are unambiguous on that issue, we do not consider legislative history or maxims of construction.

The only remaining question is the effect of the absence of the district attorney in an action under ORS 30.510. *Millis* resolves that question.

As discussed above, in *Millis* the court held that the Attorney General may not commence and prosecute an action under the predecessor of ORS 30.510. The court treated that defect as jurisdictional. The court stated:

> "The matter of jurisdiction involves two elements: First, jurisdiction over the person of the defendant; and, second, jurisdiction over the subject matter or the right to try the particular case presented to the court. Here by their general appearance the defendants have submitted their persons to the jurisdiction of the court, but the court has no power to try the case presented; it being defective for want of proper authority of the officer undertaking to commence it. In other words, the condition and situation disclosed by the complaint are not those in which the power of the court may be called into action."

*Millis*, 61 Or at 253-54.

The statutes creating the action that substitutes for the common-law *quo warranto* action expressly require such actions to be commenced and prosecuted by the district attorney. The district attorney neither commenced nor prosecuted the action before us. The power of the court to hear an action under ORS 30.510 can be called into action only by the district attorney; no private person has that ability. In the absence of the district attorney, the trial court lacked jurisdiction over this case. Hence, the court did not err in dismissing it.

Affirmed.